155 So. 633

## OGBURN v. MONTAGUE.

### I Div. 123.

Court of Appeals of Alabama.
April 17, 1934.

Rehearing Denied June 5, 1934.

Armbrecht, Hand & Twitty, of Mobile, for appellant.

168

Birch & Meredith, of Mobile, for appellee.

**RICE, Judge.**

An automobile belonging to and driven by appellee collided, in some manner, with one belonging to and driven by appellant, at the intersection of West and Government streets, in the city of Mobile. Appellee sued appellant for the recovery of the damages done to his car. The style of the appeal indicates the result.

We treat the assignments of error in the order of their presentation in brief of counsel for appellant.

■ The averments of appellant's plea 5 were, in our opinion, insufficient to withstand the demurrers interposed thereto, and the same were sustained without error. McCaleb v. Reed, 225 Ala. 564, 144 So. 28; Watts v. Montgomery Traction Company, 175 Ala. 102, 57 So. 471.

■■ Assignments of error 3, 4, 5, 6, 7, 10, 11, 12, 13, and 14 are argued in bulk; hence, if any one of the assignments is without merit, a consideration of (the) others may be pretermitted. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479.

These assignments all are based, in separate ways, upon the action of the court in overruling appellant's demurrers to appellee's replications to his pleas 4, 6, and 7. At least one paragraph of said replications was a general denial of the sufficiency of said pleas, and hence not subject to the demurrers. This renders further discussion unnecessary; there is no error shown.

■ We are disposed to agree with appellant that it was error to allow the plaintiff's witness to testify to the "conclusion" that West street was a "private street" (Bryson et al. v. Phelps, 23 Ala. App. 346, 125 So. 795), but we are unable to see how appellant was injured thereby. His undisputed testimony was that he stopped, etc., in coming out of West street into Government street, which was all that he would have been required to do had West street actually been, as appellee contended, a "private street." So, under the influence of Supreme Court Rule 45, we would not be authorized—being persuaded as we are, that appellant was in no way injured by the ruling(s) in question—to order a reversal of the judgment because thereof.

■ Likewise, as to assignments of error 24, 28, and 30 based upon rulings of the court allowing the witness to testify as to the "ownership" of West street, we do not see how the testimony affected injuriously appellant's defense. In fact, we are persuaded it did not do so; hence we would not reverse the judgment on account of its admission. Supreme Court Rule 45.

Like reasoning leads us to a refusal to order a reversal of the judgment because of any possible error in the rulings made the basis of appellant's assignments of error 25, 26, and 27, bearing upon the question of the "ownership, etc.," of West street. Supreme Court Rule 45, Code 1923, vol. 4, p. 895.

In view of the undisputed testimony that appellant did, as a matter of fact, stop his car, etc., before coming out of West street into Government street, and immediately before or upon doing so, we are unable to agree that appellant suffered any injury by what his counsel argue to be the inconsistency, repugnancy, etc., between appellee's written, requested, and given charge 1, and appellant's written, requested, and given charge 1; let

there be what merit there may in appellant's argument as to error in the technical phases of the proposition. We are simply unable to see how appellant was injured, etc., and will not reverse the judgment because of the action mentioned. Supreme Court Rule 45.

As counsel for appellee state in their brief:

"Point 11 (of appellant's able brief—being the last point in said brief—we interpolate) concerns the following charge given by the court at the request of the plaintiff (appellee): 'Gentlemen of the jury, if you believe the proximate cause of the plaintiff's damage was the negligence of the defendant and the plaintiff was not guilty of contributory negligence as alleged in the pleas, then you must find for the plaintiff.'

"Taken by itself, this charge would seem to violate the rule announced in Richmond & D. R. Co. v. Greenwood, 99 Ala. 501, 14 So. 495. But it does not do so when taken in connection with another charge given by the court at the request of the defendant, which reads: 'The court charges the jury that the burden of proof rests upon the plaintiff in this action, to prove that the defendant was guilty of negligence and further that the negligence as proved was the proximate cause of the injuries and damages complained of.'

"It is a well known rule that the charge of the court must be considered as a whole. This rule is so familiar that it is unnecessary to give citations. There is another rule which may be stated as follows: 'An instruction which, standing alone, is erroneous, is harmless, if, considered with other instructions, it is correct.' Birmingham Ry., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557.

"Charge No. 4 requested by the plaintiff (the charge set out in the beginning of this quotation—we interpolate) cannot be construed as more than misleading. It is completely cured by another charge requested by the defendant (appellant). Considered as a whole the court charged the jury that the burden of proof rested upon the plaintiff (appellee) to prove that the defendant was guilty of negligence and to further prove that the (said) negligence was the proximate cause of the (plaintiff's) injuries and if the jury believed the proximate cause of the plaintiff's injuries was the negligence of the defendant and the plaintiff was not guilty of contributory negligence as alleged in the pleas, then the jury must find for the plaintiff."

We do not think, under the circumstances, it was prejudicial error to give to the jury appellee's requested charge 4, discussed above.

We have hereinabove touched on all those rulings made the basis of assignments of error which appeared to us to be presented and argued as the rules require. We do not mean to hold that there was no erroneous ruling made. But the basis of the litigation was a simple automobile collision, involving the amount of $150 damages claimed by appellee to have been done to his car. The amount of the recovery is not challenged as being excessive.

The testimony as to who, appellant or appellee, was at fault, was in conflict. It was submitted to a jury under what we think was a fair statement of the law. Nobody but a jury could solve the puzzle presented. It has solved it in appellee's favor, and we are shown no sufficient reason for reversing the judgment based upon its finding.

The same is affirmed.

Affirmed.