7 So.2d 299

**BANKERS FIRE & MARINE INS. CO. v. DRAPER.**

**8 Div. 114.**

Supreme Court of Alabama.
March 19, 1942.

Rehearing Denied April 16, 1942.

602

Newton B. Powell, of Decatur, for appellee.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

FOSTER, Justice.

This is a suit on a fire insurance policy covering a certain dwelling house and furniture described in it.

The defendant pleaded in abatement that the suit was prematurely begun in that the policy provided that the amount of loss should be payable sixty days after notice, and proof of loss as specifically set out in it, and that the proof was made March 11, 1940, and suit was filed April 19, 1940. To this plea demurrer was overruled. Plaintiff then replied (4) that more than sixty days prior to the filing of the suit defendant's adjuster with full authority made full investigation of the loss and informed plaintiff that defendant would pay plaintiff only $650 for said loss, and that defendant was not liable for more than that amount, and that defendant is thereby estopped to set up the matter contained in the plea in abatement.

To this replication defendant filed rejoinders (3 and 4) setting up a nonwaiver agreement made prior to the occurrence of the matter alleged in the replication, which was in words as follows:

"It is hereby mutually stipulated and agreed by and between Paris Draper party of the first part, and the insurance companies whose names are signed hereto, party of the second part, that any action taken, request made, or any information now or hereafter received, by said party of the second part, in or while investigating the amount of loss or damage or other matter relative to the claim of the said party of the first part, for property alleged to have been lost, or damaged by fire on the 15th day of January, 1940 shall not in any respect or particular change, waive, invalidate or forfeit any of the terms, conditions or requirements of the policies of insurance of the party of the second part held by the party of the first part or any of the rights whatsoever of any party hereto.

"The intent of this agreement is to save and preserve all the rights of all the parties, and permit an investigation of the claim and the determination of the amount of the loss or damage in order that the party of the first part may not be unnecessarily delayed in his business, and that the amount of his claim may be ascertained and determined without regard to the liability of the party of the second part and

without prejudice to any rights or defenses which said party of the second part may have."

Demurrer to the rejoinders was overruled.

Plaintiff then filed a surrejoinder of fraud in procuring the nonwaiver agreement in which he alleged that the fraud consisted in the fact that "Prior to the execution of said non-waiver agreement, the said agent, while acting within the line and scope of his authority, as such, fraudulently stated to the plaintiff that the defendant would pay said claim, and that it was necessary for said agent to get the plaintiff's signature on said non-waiver agreement so as to complete his records, as he was required to obtain the signature of the person making the claim in each claim that he handled before paying claim. Said agent stated to the plaintiff that said non-waiver agreement was merely a paper giving him authority to make the settlement of said claim with the plaintiff. The plaintiff avers that all of said statements were fraudulently made, and that they were made by said agent, knowing that they were false, and with a view on the part of said agent to influence the plaintiff to execute said non-waiver agreement without reading it, and without becoming aware of its contents; and the plaintiff alleges that said agent thereby wilfully led the plaintiff into the false belief that said agreement was merely a paper giving the said agent authority to make a settlement of said loss, and that the plaintiff, relying on said representations, signed said agreement, not knowing the contents of the same. Therefore, said agreement is of no force and effect in this cause." Demurrer to it was overruled. Issue was then joined.

Without prejudice to the plea in abatement, the parties proceeded to an issue on the merits and by agreement the suit was tried on both the plea in abatement and in bar, resulting in a verdict and judgment for plaintiff. Defendant appeals. We need not for present purposes further state the issues.

We think the judgment will have to be reversed because of lack of sufficient proof of the fraud alleged in plaintiff's surrejoinder No. 2, set out above. Compare Tedder v. Home Ins. Co., 212 Ala. 624(5), 103 So. 674; United States Fire Ins. Co. v. Smith, 231 Ala. 169(14), 164 So. 70, 103 A.L.R. 1468.

Defendant's plea in abatement No. 2 was proven: there was evidence of plaintiff's replication No. 4, and of the non-waiver agreement in rejoinders 3 and 4. So that unless there was evidence of the fraud set up in plaintiff's surrejoinder No. 2 to rejoinders 3 and 4, defendant was due to have a verdict in abatement of the suit. Finding that there was no sufficient evidence of the fraud, the affirmative charge was due defendant on that issue.

This necessitates a reversal of the judgment, though we think the court improperly overruled demurrers to the rejoinders numbered 3 and 4 (nonwaiver agreement) to plaintiff's replication No. 4. Wellman v. Jones, 124 Ala. 580(10), 27 So. 416. Those rejoinders allege that the nonwaiver agreements were signed prior to the matter alleged in replication No. 4, as we have briefly stated it.

The conduct of the adjuster thereafter in denying liability to plaintiff except in the sum of $650 was not such a situation as was within the nonwaiver agreement. Such an agreement "does not prevent a waiver by subsequent independent acts or statements of insurer through its adjuster or other agent having authority to act." 26 Corpus Juris 406, § 519, quoted in Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674, 677. The agreement by its terms maintains the status of the parties under the policy pending the investigation (Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159; Pennsylvania Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923), but does not prevent an adjuster with authority from creating a new status by his subsequent independent declarations made after he had made a full investigation of the loss. Replication No. 4 relates to declarations made by the adjuster after he had done that and arrived at a conclusion as to the amount of the loss.

The provision in a fire insurance policy in effect delaying suit on it until a certain time after furnishing proofs is waived by a denial of liability on the part of the insurer. Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817; Box v. Metropolitan Life Ins. Co., 232 Ala. 321, 168 So. 217; 29 Am.Jur. 1038, section 1391.

We have said that a denial of liability beyond a certain sum does not waive an arbitration clause. Chambers v. Home

Ins. Co., 241 Ala. 20, 1 So.2d 15. But that such a denial is a waiver of the proofs and authorizes the insured to sue at once. Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202; United States Fire Ins. Co. v. Smith, 231 Ala. 169(6), 164 So. 70, 103 A. L.R. 1468.

■ It is also insisted that plaintiff did not act upon any such waiver but made the proofs within the time required, and brought suit before the expiration of sixty days after doing so. Reliance is had on the principle that a waiver may be waived, citing Tedder v. Home Ins. Co., 212 Ala. 624, 628, 103 So. 674. That case cites 26 Corpus Juris 393, § 505, which declares that a waiver of proof is not defeated by the subsequent act of insured in attempting to furnish them. Fedas v. Insurance Co. of Pennsylvania, 300 Pa. 555, 151 A. 285. But there may be a waiver of a waiver by subsequent mutual agreement. The election to waive the proofs and the waiting period of sixty days, once made, is irrevocable. American Ins. Co. v. Millican, 228 Ala. 357, 153 So. 454(5).

The result is that there was no error in overruling the demurrer to replication No. 4 to defendant's plea No. 2 in abatement, but the demurrer to defendant's rejoinders 3 and 4 should have been sustained as an answer to replication No. 4, and also to replications 9 and 11.

### Replications 9 and 11 to the plea in abatement.

■ Briefly they allege in effect that at a time more than sixty days before filing the suit and of course before the proofs of loss were filed, defendant by its agent promised to pay the loss. Such a promise is said by the authorities to be a waiver of the proofs. 26 Corpus Juris 406, § 521. Compare Commercial Fire Ins. Co. v. Allen, supra; Fedas v. Insurance Co. of Pennsylvania, supra; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46; 26 C. J. 393, § 507.

But conceding that this does not waive the waiting period during which payment may be made, not now decided, it certainly fixes the beginning of it. The suit was begun more than sixty days after it is alleged that this occurred. We think demurrer to replications 9 and 11 was properly overruled as an answer to the plea in abatement.

### On the merits.

■ Appellant insists that it was due the affirmative charge. The issue was tried on the general issue and pleas 6, 8, 12, and others not here material. These pleas do not allege, neither does the policy stipulate so far as we can find in it, that the coverage is on the "one story frame building with shingle and composition roof while occupied by owner as a dwelling." The word "while" does not appear in either the special pleas or policy. Demurrer was sustained to plea 11, which alleges that defendant insured plaintiff against loss by fire "to the following described property while located and contained as described herein and not elsewhere." But such language is not the equivalent of that which covers a building "while" occupied as a dwelling by the owner. The provisions of a policy containing such latter coverage have been recently construed by us in Fidelity Phenix Fire Ins. Co. v. Raper, ante, p. 440, 6 So.2d 513, wherein it was held that the coverage existed only while the building was occupied by the owner. The Court in that case held that the coverage cannot be enlarged or extended by waiver or estoppel. See, also, Home Ins. Co. v. Campbell, 227 Ala. 499, 150 So. 486. In the latter case, the Court held that the policy provision then considered was only such as to give rise to a forfeiture which would defeat a recovery unless waived by some act of the insurer, and did not operate as a limited coverage.

The terms of the instant policy in this respect, as in that case, do not limit the coverage to continue only while so occupied. But it describes the building as being then so occupied, as we construe it. It was then so occupied. The special pleas set up a breach of the usual provision that the policy shall be void if any change, other than by the death of insured, takes place in the interest, title or possession of the subject of insurance. The change was by letting it to a tenant, and moving off by the plaintiff.

To these pleas plaintiff replied that before the loss occurred, notice of such change of possession was given defendant, and that the forfeiture was waived by defendant. (Not undertaking to allege the substance, but only the effect of the replications.) Issue was joined on them.

Though defendant did not allege in any plea that the policy only covered the build-

606

ing while it was used by plaintiff as a dwelling, he insists that this is only a denial of the complaint alleging that there was such a coverage. Even so, the policy is not of that sort. It was dependent in this respect on the forfeiture provision, which could be waived. Whether this was done or not is a jury question on proper proof.

We do not think it is necessary or expedient to pass on the assignments of error in detail.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.