18 So.2d 409

**BANKERS FIRE & MARINE INS. CO.**
**v. DRAPER.**

8 Div. 207.

Supreme Court of Alabama.
Jan. 13, 1944.

Rehearing Denied June 22, 1944.

See, also, 242 Ala. 601, 7 So.2d 299.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Newton B. Powell, of Decatur, for appellee.

LIVINGSTON, Justice.

This is the second appeal in this cause. 242 Ala. 601, 7 So.2d 299.

As on the first trial, without prejudice to the plea in abatement, the parties proceeded to an issue on the merits and by agreement the suit was tried on both the plea in abatement and in bar. There was a verdict and judgment for plaintiff, and the defendant appeals.

### Matters in Abatement.

On the second trial, the lower court sustained plaintiff's demurrers to defendant's rejoinders, which were substantially the same rejoinders held demurrable by this court on the former appeal.

At the earnest insistence of appellant's counsel, we have again carefully considered the questions presented and find no

reason for disturbing the former holding. There was no error in sustaining demurrers to the defendant's rejoinders, and assignments of error 5, 6, 7, 8 and 9 are without merit.

Assignment of error 28 is predicated upon the refusal of charge "E". The charge is based on the theory that plaintiff failed to produce evidence in support of replication No. 4. Replication No. 4 alleges that defendant's agent offered to pay only $650 in settlement of the claim. The plaintiff's evidence tended to prove an offer to pay only $650 for damage to the house, and $150 for damage to the furniture, both covered by the policy. The essence of replication No. 4 is defendant's refusal to pay the claim in accordance with the terms of the policy. The offer to pay only $800 in settlement of the claim is a refusal to pay the claim in accordance with the terms of the policy as much so as an offer to pay only $650. The variance is wholly immaterial, and it is not probable that the error, if any, affected the substantial rights of the defendant. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

The foregoing evidence was also sufficient upon which to predicate the refusal of the general charge as to replication No. 4, and which refusal is made the basis of assignment of error 49. The same evidence justified the refusal of general charge numbered 7, assignment of error No. 34.

Assignments numbered 38 and 39 relate to refusal of charges 14 and 15, which are as follows:

"14. If you believe the evidence in this case the plaintiff is not entitled to a verdict on replication No. 9 in abatement.

"15. If you believe the evidence in this case the plaintiff is not entitled to a verdict on replication No. 11 in abatement.

The plaintiff testified: "Mr. Penney, when I go to see him he tells me to go over to Huntsville to see Mr. Hart. Mr. Hart would settle with me, he had already been down to investigate it, and I wouldn't have anything to do but go over and see him." And further, "Mr. Penney told me Mr. Hart would settle with me, pay me. He said go over to see Mr. Hart, he has an office over the Tennessee Valley Bank and that he will settle with me when you get over there, he has already been down and investigated the matter."

That Mr. Penney was the general agent, with authority to bind the insurance company seems to be unquestioned. See Aetna Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am.St.Rep. 160; Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84. The above-quoted evidence justified the refusal of charges 14 and 15.

Assignment of error 36. Defendant's refused charge numbered 10 is misleading, and was properly refused.

## On the Merits.

Defendant interposed pleas 1 to 13, both inclusive. Demurrers were sustained to pleas 3, 4, 5, 7, 11 and 13, and overruled to pleas 1, 2, 6, 8, 9, 10 and 12. Plea 1 is the general issue. Pleas 2 and 10 allege that the property was willfully burned by the insured.

Plea 6 averred, in substance, that there was a change of occupancy with an increase of hazard after the issuance of the policy, based upon the fact that the house was insured as a dwelling-house, occupied by owner, and after the issuance of the policy, the insured moved out of the house and leased it to tenants, and at the time of the fire the house was occupied by tenants, contrary to the terms of the policy.

Plea 8 averred a breach of the terms of the policy against change of occupancy and increase of hazard, based upon the allegations that at the time of the issuance of the policy, the property was occupied by the insured as owner but subsequent thereto and prior to the fire, the property was leased to a tenant and at the time of the fire the building was occupied by a tenant, which increased the risk of loss.

Plea 9 averred an increase of hazard based upon the allegation that, to-wit, one week before the fire plaintiff removed a plank from a part of the partition wall in the building and placed rags that were greasy and oily therein, and that said act increased the hazard insured against.

Plea 12 was based upon a breach of the warranty under the policy that the property should be occupied by the owner as a dwelling-house, but that at the time of the fire said property was not occupied by the owner as a dwelling-house, which said fact increased the risk of loss.

Plaintiff joined issue on the pleas, and filed special replications 1, 2 and 3. In substance, special replications 1 and 2 allege that defendant had notice of the mat-

ters set up in the pleas in bar prior to the loss, and made no objection or dissent thereto, and did not undertake to cancel the policy, and did not return the unearned premium, although it had a reasonable time to do so after such notice and before the loss. Special replication 3 alleges that the defendant retained the first premium paid on said policy, and delivered said policy with full knowledge of the facts pleaded by way of defense in said plea.

Assignments of error 44, 50, 25 and 48 are predicated upon the court's refusal of the general charge for defendant as to replications 1, 2 and 3; and assignments 40, 41 and 47 are predicated upon the court's refusal of the general charge for defendant on the pleas in bar. We feel that it would serve no good purpose to set out the evidence touching the questions presented. The evidence is ample to support the trial court's action in submitting the questions to the jury.

Charges "C" and "D", assignments of error 26 and 27, are predicated upon the theory that all of the evidence shows that the plaintiff's house was occupied by a tenant, without the knowledge of the defendant, at the time it was burned. There is also evidence to the contrary. These charges were properly refused.

Charges A and 23, assignments of error 24 and 46, also pretermit the question of the increase of hazard, and were properly refused.

Charges 3, 5 and 19, assignments of error 31, 32 and 42, pretermit the question of increase of hazard and waiver, and were properly refused.

Charge 6, assignment of error 33, was argued in brief together in bulk with assignments 31 and 32. Assignments 31 and 32 being without merit, we need not consider assignment 33. Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So. 2d 480, and cases there cited. Moreover, charge 6 is confusing and misleading.

We have carefully considered the questions presented by appellant's motion for a new trial. There was no error in overruling the motion.

The judgment of the trial court is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.