37 So.2d 675

### BRADFORD v. HARRIS.
### 6 Div. 640.

Court of Appeals of Alabama.
May 25, 1948.

Rehearing Denied June 15, 1948.

16

Ida Rosenthal and Rosenthal & Rosenthal, all of Birmingham, for appellant.

Frank L. Parsons, of Birmingham, for appellee.

CARR, Judge.

This cause of action is based on alleged negligence of the defendant resulting in damage to plaintiff's automobile in an effort on the part of the former to raise the car out of a sinkhole. In the court below there was a verdict in favor of the plaintiff for $350.00.

It appears from the evidence that appellee's car began to sink during the afternoon and gradually descended until the bottom of the pit had reached the depth of about twenty-five feet. It continued to rain until in the night. When the appellant came with his equipment early next morning the automobiile was lying on its side, so completely covered with dirt that only one wheel could be seen. Appellant's effort to raise the car was futile; at least he was directed to desist further attempt after he had made several "pulls" or "jerks" with his machinery. Appellee's mother became apprehensive that the methods used were seriously damaging to the car, and for this reason she stopped the appellant. Another wrecking company, in no manner involved in this litigation, subsequently raised the automobile.

Damage is claimed against the appellant for injury to the car during the time he was trying to bring it to the surface. The measure of damage, therefore, would be the difference in the reasonable market value of the automobile in the condition in which appellant found it and its value when he ceased his attempt to raise it. The jury was so instructed by the trial judge.

Over appellant's objections, the appellee as a witness was allowed to state that the car had a reasonable market value of about $600.00 "before they started pulling it out."

It is insisted in brief of counsel that objections were not timely interposed and the rule was not observed with reference thereto. To adhere to this insistence would put us in the position of being ultra technical, which we always attempt to avoid if substantial rights of parties litigant are involved. A consideration of all that transpired, leading up to the final ruling of the court, prompts us to conclude that we are clearly within the spirit of the applicable rule to proceed with a review of the question.

It cannot be successfully contended that the appellee did not show sufficient experience and observation to testify to the reasonable market value of the car before it began sinking. The evidence leans strongly to the conclusion that his estimate was based on this premise.

Our review of the question must be made from another approach. As we have indicated, the automobile was almost completely covered with dirt as it lay on its side in the sinkhole. The witness did not go down in the pit to make any examination of the car. It is true that he answered this question in the negative, "Did you see any damage done to the car prior to the time or before the time they came out there to jerk it out?" This is not equivalent to a positive answer that there was no damage suffered.

The court cannot close its eyes to conditions that are made certain and apparent by proof of an uncontrovertible and established physical fact. For a wit-

ness to give accurate and dependable testimony it is essential and required that he should be possessed of adequate and reliable knowledge regarding the matter to which his testimony relates. Under some circumstances this may address itself to the probative value of the evidence, but when it clearly appears, as in the instant case, that it is based on unobtained and unobserved factual data it must go to its admissibility. Our courts are committed to the rule that it is proper to exclude on motion the testimony of a witness, if it should later appear in the progress of the trial that the witness did not possess competent knowledge and information upon which to base his statement. Brigman v. State, 8 Ala.App. 400, 62 So. 980; Cunningham v. State, 22 Ala.App. 583, 118 So. 242; McKee v. State, 26 Ala.App. 208, 155 So. 888; Arnold v. State, 30 Ala.App. 115, 2 So.2d 316.

A case somewhat in factual counterpart to the case at bar is Weaver v. Alabama Coal Mining Co., 35 Ala. 176. There effort was made to prove by two witnesses, who appeared to possess adequate general information on the subject matter, how much an ordinary bale of cotton would be damaged by being submerged in water from twelve to twenty-four hours. It appears that the witnesses had not made examination of the alleged damaged property. The trial judge disallowed the answers, and the Supreme Court sustained the view. In the body of the opinion will be found this significant and meaningful statement: "A witness cannot testify respecting a fact, of which he has neither knowledge, nor the means of knowledge." See also Great Atlantic & Pacific Tea Co. v. Donaldson, 26 Ala.App. 179, 156 So. 859.

The witness should not have been allowed to give his estimate of the reasonable market value of the car, when such evidence was predicated on evident conjecture, surmise, and speculation.

■ In view of the conclusion we have reached and the possibility of another trial, we will not enter into a detailed discussion of the evidence. We are of the opinion that, on the question of alleged negligence of the defendant, a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

■ One other assignment of error is stressed in brief of counsel, but it is grouped in argument with the one which is predicated on the action of the court in refusing the general affirmative charge to the appellant. We will pretermit any treatment of this insistence. Bankers Fire & Marine Ins. Co. v. Draper, 245 Ala. 653, 18 So.2d 409; Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633.

For error indicated, it is ordered that the judgment of the lower court be reversed and the cause remanded.

Reversed and remanded.