36 So.2d 603

### HURN v. REYNOLDS.

8 Div. 679.

Court of Appeals of Alabama.

Aug. 3, 1948.

Scruggs & Grass, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellee.

CARR, Judge.

The plaintiff below recovered a judgment for damages against the defendant.

According to the contention of the appellee, as his truck was proceeding down the highway, the appellant drove her automobile out into the road from a filling station. The car came immediately in front of the truck or so nearly so that to avoid a collision the driver of the latter vehicle was compelled to turn from his forward course and in doing so struck another automobile. It appears the car with which the truck collided was stopped on its right side of the highway and was headed in the opposite direction from the truck. The truck was loaded with about twenty-five hundred bricks.

The appellant testified that as she drove out into the highway from the filling station she looked both ways, but did not see any approaching vehicles; that when she had traveled some distance she heard a sound of a collision to her rear; that she stopped her car and looked back, and in a few minutes proceeded on her way.

It is insisted that appellant was due the general affirmative charge. The brief delineation of the tendencies of the evidence which we have set out will clearly demonstrate that this position is untenable. The applicable rules are familiar. For a very elaborate and detailed discussion of these doctrines see McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The movement of appellant's car quite clearly was governed by the following rule of the road: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway." Title 36, Sec. 19, Subsec. (a), Code 1940.

There are several other assignments of error grouped in argument in brief of counsel with the one we have just treated. We will pretermit a decision on these. Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633; Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480.

Afton Garrett was riding on the truck at the time of the collision. Appellant's counsel asked him this question: "Isn't it your judgment that had he pulled to the right that the brick would have helped sway it to the right?"

The court properly sustained objections to this question. It called for a conclusion of the witness and related to a matter that the jury could have determined with as much accuracy. Kuhn v. State, 16 Ala.App. 489, 79 So. 394.

A highway patrolman came on the scene after the collision and stopped the appellant as she returned from her trip up the road. Appellee's counsel asked the officer if he made any arrests, to which he answered in the negative. Over appellant's objection the court allowed the patrolman

to answer, "No", to this question: Did anyone suggest making any arrest?" It was not contended that any criminal charges were made on account of the occurrence or that the matter of any arrest was discussed or threatened. The answer to the question could have very properly been disallowed. However, it related to a negative inquiry which was of no material concern, and over which no factual controversy had arisen. Clearly, there was no prejudicial error here. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7, Appendix.

The appellant testified that she received a letter from Mr. Lusk, the appellee's atorney, to which she replied. The court did not allow the introduction in evidence of the reply letter. A tender was made to offer each sentence thereof separately and severally. Clearly, the contents of the letter amounted to self-serving testimony.

On redirect examination appellant was not permitted to answer this question: "Had he been up within a distance of thirty, forty or fifty yards could you have seen it?" The witness had previously testified that she did not see the approaching truck and that there were no obstructions to obscure her view. With these facts disclosed, the jury was in a position to make response to the inquiry without the aid of the conclusion of the witness. Kuhn v. State, supra.

Assignments of error 6 and 7 are grouped in argument and are predicated on the refusal of appellant's written charges numbered 1 and 2.

Charge numbered 1, if not otherwise faulty, is a "belief" charge. In civil causes the quantum of proof necessary to establish an issue of fact is that the jury must be "reasonably satisfied from the evidence." In the absence of the observance of this rule, reversal will not be predicated on either the giving or refusal of the written instruction. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Cain et al. v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022.

We could pretermit a decision on the action of the court in refusing charge

numbered 2. Ogburn v. Montague, supra; Sovereign Camp, W. O. W. v. Davis, supra. This aside, the charge is predicated on the assumption of facts that are not established in the evidence. There is no proof that the brakes on the truck were defective or improperly adjusted. In fact, the contrary appears. There was evidence that the driver experienced some difficulty in steering the truck after the brakes were applied. However, to conclude that this was due to defective or maladjusted brakes would be purely speculative and conjectural.

The record in this cause is free from prejudicial error. The judgment of the court below is ordered affirmed.

Affirmed.