80 So.2d 655

**CULLMAN MOTOR COMPANY**

v.

**A. J. CAMP.**

**6 Div. 723.**

Court of Appeals of Alabama.

May 17, 1955.

Bland & Bland, Cullman, for appellant.

Marvin H. Galin, Cullman, for appellee.

PRICE, Judge.

This is an action by appellee against the Cullman Motor Company for breach of warranty and deceit in the sale of a 1950 model one-half ton Chevrolet truck. On the trial of the cause before a jury verdict was rendered for plaintiff and his damages fixed at $250. Motion for a new trial was overruled and defendant appeals.

The evidence for plaintiff tended to show that he purchased the truck from defendant on December 11, 1950; the truck was bought as a new truck and subsequently plaintiff discovered dents in the fender and on the cab which had been filled with lead and painted over; that the paint had begun to peel on the places which had been repaired and painted over and the door on the left side would not close properly; that the truck bed had originally been painted black but a new coat of green paint had been put on over that; the upholstery on the left side did not fit properly.

Defendant's evidence tended in part to deny that the truck had been injured in any manner and in part to show that if the truck had been dented, leaded and repainted that it was done at the Chevrolet factory and did not prevent the truck from being of standard design and workmanship.

■ The appellant urges that the trial court erred in overruling the motion for a new trial on the grounds that the verdict is contrary to the great weight of the evidence, and to the law and the evidence. By agreement of the parties the court permitted the jury to view the truck in question, there-fore, since the jury had the benefit of evidence which is not available to us, we must apply the rule announced by the Supreme Court in Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4. See also Warble v. Sulzberger Co. of America, 185 Ala. 603, 64 So. 361; City of Birmingham v. Hornsby, 242 Ala. 403, 6 So.2d 884.

Bascom Barnett was called as a witness by plaintiff and testified that he had examined the truck plaintiff bought from defendant; that he observed in July 1952, where it had been leaded and the paint was peeling and the leaded place around the door; that in 1950 he had bought and sold automobiles, had seen them bought and sold and knew the reasonable market value of a new Chevrolet pick-up of that body style in December, 1950; that he had seen trucks of that model, or similar makes and model, that had been wrecked and patched up, leaded and repainted, bought and sold in 1950; that when he first saw the truck two or three days after plaintiff bought it, he did not examine it for bent places and leaded spots and thought plaintiff got a new truck.

After so testifying, the witness was asked this question by plaintiff's counsel:

"Q. Assuming that the defects you later observed in the truck were present in the truck on December 11, 1950, but were hidden by lead and paint and so forth, assuming that condition, then what would you say the reasonable market value was?"

The defendant's ground of objection to the question was: "He can't assume what the condition was." The court overruled the objection and defendant reserved an exception.

■ The argument in brief is that the court erred in allowing the witness to answer the question because it clearly appeared that the witness' answer would be predicated on conjecture, surmise, speculation and assumption, citing Bradford v. Harris, 34 Ala.App. 15, 37 So.2d 675, certiorari denied 251 Ala. 386, 37 So.2d 677, and Weaver v. Alabama Coal Mining Co., 35 Ala. 176. These cases can be readily distinguished factually from the case at bar. The witness had testified he had examined

plaintiff's truck and observed that it had been leaded and the paint was peeling. The question did not call for testimony based on unobtained and unobserved factual data. The witness later testified that he operated a garage and had done "body" work, and was shown to be sufficiently qualified as to experience and observation of the subject matter to testify as to the market value of the truck.

Assignment of error No. 6, was not argued, and must, therefore, be considered waived. Sup.Ct. Rule 10, Code 1940, Title 7, Appendix; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

The judgment of the trial court is ordered affirmed.

Affirmed.