224 So.2d 635

**James E. GILBERT**

v.

**Maggie Fowler VANN.**

**James E. GILBERT**

v.

**David K. VANN, a Minor by his Uncle and Next Friend, T. M. Fowler.**

**3 Div. 342, 343.**

Supreme Court of Alabama.

June 12, 1969.

John B. Scott, Jr. of Capell, Howard, Knabe & Cobbs, and Richard M. Jordan, Montgomery, for appellees.

Barry C. Leavell of Alton, Curlee & Leavell, Montgomery, for appellant.

LIVINGSTON, Chief Justice.

This appeal is from two judgments rendered by the Circuit Court of Montgomery County, Alabama, in two of three companion cases plus a plea in recoupment consolidated for trial in the lower court. The trial court was faced with the following situation: James E. Gilbert, appellant here, initially filed suit against Mrs. Maggie Vann, one of two appellees here, for damages to his automobile and expenses incurred by him as a result of certain injuries sustained by his wife, who was a pas-

senger in his car at the time of the accident. Mrs. Gilbert also filed suit against Mrs. Vann to recover for the personal injuries which she sustained. Appellee, Mrs. Vann, filed a plea in recoupment against appellant, Mr. Gilbert, to recover for damages to her car and for certain medical expenses incurred by her for the treatment of injuries sustained by her minor son, David Vann, who was a passenger in her vehicle at the time of the accident. Subsequently, a separate suit was filed on behalf of David Vann by next friend to recover on his (David's) claim for personal injuries sustained in the accident. As previously mentioned, all of the cases were consolidated by consent for trial.

At the conclusion of trial, verdicts were returned by the jury:

(1) In the case of James E. Gilbert v. Maggie Fowler Vann, verdict was for the defendant, appellee, Maggie Fowler Vann.

(2) In the case of David K. Vann, a Minor by his Uncle and Next Friend, T. M. Fowler, verdict was for the plaintiff, appellee, David K. Vann.

Judgments were rendered accordingly.

Appellant, James E. Gilbert, filed a motion for new trial, which was denied by the trial court. Thereafter, appellant filed a timely appeal to this Court.

The facts, in substance, are that an automobile collision took place in the north parking lot of the Garrett Coliseum on the 12th day of December, 1965. To say the least, there was conflicting testimony as to how the accident occurred. Suffice it to say that an accident did occur when two automobiles, being driven respectively by Mr. Gilbert, appellant, and Mrs. Vann, appellee, collided.

As indicated, the trial court was faced with most conflicting testimony with regard to how the accident occurred, primarily because the principal witnesses were the immediate parties involved in the suit. Each party, in turn, gave his own version

of how the accident occurred and an opinion as to which party was at fault. Some light, however, was apparently shed on the controversy by the testimony of Claude Lansdom and police officer, K. W. Jones.

In brief, Mr. Lansdom's testimony tended to corroborate appellee's (Mrs. Vann) version of how the accident occurred. Officer Jones' testimony was, in substance, that the accident occurred out in the driveway, which also tended to support Mrs. Vann's version of how the accident occurred. In view of the conflict in the testimony, the jury must have placed much emphasis on the testimony of these two witnesses.

There are 21 assignments of error in this cause. Twelve of the assignments are based on the refusal of the trial court to give certain written charges requested by appellant. The next six assignments assert error on the part of the trial court in giving certain of the written charges requested by appellee. Of the remaining three assignments, one assigns error in the denial of appellant's motion for new trial and the remaining two assign error to the lower court for, respectively, accepting inconsistent verdicts from the jury and for giving an improper oral charge to the jury.

As stated, appellant assigned 21 alleged errors, however, only four of the assignments are argued. Supreme Court Rule 9, Supreme Court Rules of Practice, states, in substance, that assignments of error not substantially argued in brief will be deemed waived. The cases so holding are too numerous to require citation. Accordingly, since only four of the 21 assignments are substantially argued in brief, only those four will be considered by this Court.

The four assignments substantially argued in brief by appellant are numbered 1, 2, 8 and 9.

Assignment of error No. 1 asserts error on the part of the trial court in refusing to give appellant's requested written Charge No. 1, as follows:

"Charge No. 1.

"The Court charges the jury that if you are reasonably satisfied from the evidence in this case that at the time of the accident Reverend Gilbert was driving his automobile in a careful and prudent manner and in the manner in which a reasonably prudent man would have driven his automobile under the same or similar circumstances, then your verdict should be for the Plaintiff.

"Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516.

"Refused, Carter, Judge."

Assignment of error No. 2 asserts error on the part of the trial court in refusing to give appellant's requested written Charge No. 2 as follows:

"2. The Court charges the jury that if you are reasonably satisfied from the evidence that Reverend Gilbert operated his automobile in a reasonably careful and prudent manner at the time of the accident then you cannot find for the Defendant.

"Tyler v. Drennen, 255 Ala. 377, 51 So. 2d 516.

"Refused, Carter, Judge"

Assignments of error Nos. 1 and 2 are without merit and are effectively disposed of by our holding in the recent case of State v. Ingalls, 277 Ala. 562, 567, 173 So. 2d 104, where we said:

"We are of opinion that the court was not in error in refusing Charge 1 for two additional reasons.

"First, the charge was abstract, being based on facts not appearing in evidence, and it is not error to refuse such instructions. Troy v. Rogers, 113 Ala. 131, 145, 20 So. 999; Pappas v. Alabama Power Company, 270 Ala. 472, 479, 119 So.2d 899.

"Second, the instruction bears a citation to two decisions of this court. The statute, § 273, Title 7, requires that 'Charges * * * must be given * * * in the terms in which they are written * * *.' The court would be bound to read to the jury, not only the proposition of law stated in the charge, but also the written citations. The citations would not help the jury. Some courts have said that such notations on instructions are improper, although the court refused to reverse for giving such an instruction. Springer v. Orr, 82 Ill. App. 558, 563; State v. Ahaus, 223 Ind. 629, 636, 63 N.E.2d 199. The Supreme Court of Idaho has said:

"'* * * While it was improper, we cannot say that it was prejudicial error for the court to hand instructions to the jury that contained citations supporting them. We are aware that it is the practice of attorneys, in preparing requested instructions to cite, for the benefit of the court, authorities upon which they base such instructions. That is proper and right; but, where that is done, such citations ought to be stricken out or detached before the instructions are handed to the jury. * * *' State v. Sage, 22 Idaho 489, 495, 496, 126 P. 403, 405.

"We are of opinion that refusal of a requested charge does not constitute error where, as here, the charge bears citation of authority."

■ As a consequence, assignments of error Nos. 1 and 2 were refused without error.

Assignment of error No. 8 presents for review the refusal of written Charge No. 12, which is as follows:

"12. The Court charges the jury that where contributory negligence is made an issue in a case such as this case, the burden is on the one invoking such issue proving it beyond a reasonable doubt, and if you are reasonably satisfied from the evidence that Reverend Gilbert was

not contributorily negligent, then your verdict must be for the plaintiff.

"Refused, Carter, Judge"

 Appellant's requested Charge No. 12 is plainly and palpably wrong. The quantum of proof required of the party invoking the issue of contributory negligence in a civil case is to the reasonable satisfaction of the jury, not "beyond a reasonable doubt." United States Fidelity and Guaranty Co. v. Charles, 131 Ala. 658, 662, 31 So. 558; Hurn v. Reynolds, 34 Ala.App. 79, 82, 36 So.2d 603; Jones v. Mullin, 251 Ala. 501, 505, 38 So.2d 281. Charge No. 12 was properly refused; consequently, there is no merit in assignment of error No. 8.

Appellant's final assignment of error No. 9, argued in brief, asserts, in substance, error on the part of the trial court in refusing to grant appellant's motion for a new trial on the ground that the jury verdict in favor of David Vann was excessive. This assignment, too, in our opinion, is without merit. Although there is no concrete rule of thumb to be followed in situations of the kind presented here, this Court's long-standing view is perhaps best represented in the following excerpt from the case of Durham v. Sims, 279 Ala. 516, 187 So.2d 558:

> "There is no fixed standard for ascertainment of compensatory damages recoverable here for physical pain and mental suffering, but the amount of such award is left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise of that discretion. Vest v. Gay, 275 Ala. 286, 154 So.2d 297."

Appellant fails to show either a clear abuse of discretion on the part of the jury in reaching its verdict or that the verdict was the product of passion. In the absence of such a showing, we cannot say that the verdict rendered was excessive.

There being nothing left for this Court to consider, and inasmuch as we have found no merit in any of the assignments of error substantially argued in brief, the judgments of the lower court in Case No. 11251 and Case No. 12572 are due to be, and are, affirmed.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.