# Louisville & Nashville R. R. Co. v. Weathers.

### *Injury to Passenger.*

(Decided June 10, 1909. Rehearing denied June 30, 1909.
50 South. 268.)

1. *Carriers; Passengers; Accommodation; Complaint.*—A count in a complaint alleging. that plaintiff boarded defendant's passenger train, having purchased a first class passage, and that the train contained at least one first class coach; that plaintiff was blind, and was so constituted physically that the inhalation of tobacco smoke rendered him very sick. and that defendant's servants acting within the scope of their authority, wrongfully and negligently caused plaintiff to remain in a smoker or second class carriage where the air was so laden with tobacco smoke, etc., need not go further and allege that

[Louisville & Nashvlle R. R. Co. v. Weathers.]

plaintiff was placed in the car against his protest or objection, since the action was for simple negligencce.

2. *Same.*—A count in a·complaint alleging that a servant of defendant acting within the line of his authority as such and being informed that to inhale tobacco smoke would render plaintiff sick, nevertheless wrongfully and wantonly, or wrongfully and intentionally caused plaintiff, against his protest, to be or remain in a car where there was large quantities of tobacco smoke, known as a second class car or smoker, and thereby, the servant so acting wrongfully, wantonly and vexatiously caused plaintiff to suffer the said injuries and damages, is sufficient. (The count further showing the relation between the parties and the duty owing from defendant to plaintiff).

3. *Trial; Directing Verdict.*—Where the evidence tended to support simple and wanton negligence as charged, and so to authorize actual and punitive damages, the general affirmative charge could not be given for the defendant as to any count of the complaint.

4. *Appeal and Error; Review; Excessive Damages.*—Where it appeared that plaintiff was blind, had a first class ticket, and was placed in the smoking car of the train by a servant of the defendant over his protest that he had a first class ticket and was entitled to ride first class, and that tobacco smoke always made him sick, and that he was actually made very sick by the smoke, this court will not interfere with a verdict for $700.00 damages, as being too excessive, especially where the trial court overruled a motion on that ground.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by T. S. Weathers against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The counts of the complaint noticed in the opinion are as follows:

(3) "Plaintiff claims of the defendant $1,500 as damages, for that heretofore, to wit, on the 10th day of September, 1904, the defendant was a common carrier of passengers from Warrior to Birmingham, in Jefferson county, Ala., by means of a train drawn by a locomotive engine and containing two or more cars, at least one of which was known as a 'first-class coach,' and was reasonable free from tobacco smoke, and one other of said cars contained large quantities of tobacco and was known as a 'smoker' or 'second-class car,' that on said day plaintiff boarded said train at said Warrior, to be carried by

defendant thereon as a passenger from said Warrior to said Birmingham, and plaintiff paid to the defendant the fare charged by defendant for first-class passage from said Warrior to said Birmingham; that plaintiff was blind at said time, and was so constituted physically that the inhaling of tobacco smoke in large quantities would make him sick, and defendant's servant or agent on said train, acting within the line and scope of his authority as such, wrongfully caused plaintiff to be or remain in said car, known as a 'second-class car' or 'smoker,' and where there was a large quantity of tobacco, and where the air was so laden with tobacco smoke that as a proximate consequence thereof plaintiff was made sick, was caused to inhale large quantities of said smoke, was caused to vomit and suffer great mental and physical pain, and was greatly humiliated, and was put to great trouble, inconvenience, and expense in or about curing his said sickness. Plaintiff avers that said servant or agent negligently caused plaintiff to be or remain in said car in which, said large quantity of smoke was as aforesaid, and as a proximate consequence of said negligence as aforesaid plaintiff suffered said injuries and damage."

(9) Same as 3, down to and including "curing his said sickness," and adds the following: "Said servant or agent, acting within the line and scope of his authority as such, being informed that to inhale tobacco smoke would make plaintiff sick, nevertheless wrongfully, or wantonly, or wrongfully and intentionally, caused the plaintiff, against the protest of said plaintiff, to be or remain in that one of said cars where there was a large quantity of tobacco smoke and where the atmosphere was laden with tobacco smoke, to wit, said car known as a 'second-class car' or 'smoker' as aforesaid, and thereby said agent or serv-

ant, so acting within the line and scope of his authority, wrongfully and' wantonly and vexatiously caused plaintiff to suffer the said injuries and damages."

The following charges were refused to the defendant:

(1) "Even if the plaintiff was placed in the smoker against his express will, the plaintiff cannot recover damages for having been made ,sick from it, if he was made sick, unless the jury are reasonably satisfied that the employes who placed him in the smoker against his expressed will had notice that he would likely, or might, be made sick by tobacco smoke."

(2) "If, when the plaintiff went or was carried into the smoker, the conductor did not know that tobacco was offensive to the plaintiff, and had him carried into the ladies' car at the first stop made by the train after he was notified that tobacco smoke was offensive, then I charge you that the conductor was not guilty of any wrong, and that you cannot find a verdict for the plaintiff predicated on any wrong of the conductor."

(3) "The employes of the defendant had the right to assume that no injury or damage would result to the plaintiff from his going into the smoker, unless the jury are reasonably satisfied from the evidence that actual notice was given to the conductor or flagman that he was subject to being made sick by tobacco or tobacco smoke."

(4) Affirmative charge as to the third count.

There was judgment for plaintiff, and his damages were assessed in the sum of $700.

TILLMAN, BRADLEY & MORROW, for appellant.—The court erred in overruling demurrer to the 3rd count. The facts necessary to show that the defendant owed plaintiff any duty in regard to the exercise of care are not stated.—*Ensly Ry. Co. v. Chewning,* 93 Ala. 24; *L.*

& N. R. R. Co. v. Wilson, pro ami, in MS; L. & N. v. Marbury L. Co., 125 Ala. 237; Sloss-Sheffield S. & L. Co. v. Sharpe, 47 South. 278; C. of Ga. v. Freeman, 134 Ala. 354; Bir. R. & E. Co. v. Butler, 33 South. 33. The court erred in overruling demurrer to the 4th count.— L. & N. v. Mitchell, 134 Ala. 261; Heron v. Tuscaloosa, W. W. Co., 40 South. 56; Birmingham R. L. & P. Co. v. Jaffe, 45 South. 471. The court erred in refusing the charge requested by appellant—L. & N. v. Wilson, supra; L. & N. v. Quick, 28 South. 14. It is a familiar principle that a person cannot allow his damages to grow.— L. & N. v. Hine, 25 South. 858; L. & N. v. Williams, 43 South. 576; K. C. M. & B. v. Foster, 32 South. 773. Counsel discuss other charges, but without citing authority.

BOWMAN, HARSH & BEDLOW, for appellee.—The court committed no error in overruling demurrer to the 3rd count.—L. & N. v. Marbury L. Co., 125 Ala. 237; Southern v. Burgess, 143 Ala. 364; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 244; Russell v. Huntsville, 137 Ala. 628. This is also true in reference to the fourth count.—Russell v. Huntsville, supra; Central of Ga. v. Foshce, 125 Ala. 226; L. & N. v. Orr, 121 Ala. 489; L. & N. v. Brown, 121 Ala. 226; M. & C. v. Martin, 117 Ala. 381; Haley v. K. C. M. & B., 113 Ala. 651. The court did not err in refusing the charges requested, nor did it err in refusing to grant a new trial on account of the excessiveness of verdict.—Bir. Ry. Co. v. Nowland, 134 Ala. 332; 13 Cyc. 38.

MAYFIELD, J.—This is an action by a blind passenger against a common carrier to recover damages for inconvenience and sickness, the result of the carrier's placing him in a coach filled with tobacco smoke and fumes. The grossest wrong alleged was the placing of plaintiff in the smoker coach against his wishes and over

his protests, after the agents were notified of the fact that the tobacco smoke would make him sick. The sole injury alleged or proven was that plaintiff was thereby caused to inhale tobacco smoke, which made him sick and caused him to vomit, by reason of which he suffered mental pain and anguish. The plaintiff's evidence tended to prove the averments. The defendant's evidence denied that its agents put plaintiff in the smoker, or that they had any knowledge or notice of the fact that tobacco smoke would make him sick, and further tended to show that it removed him to another coach upon request from his sister so to do, and that the plaintiff did not complain of being sick, nor object to riding in the smoker.

The third count stated a cause of action, and was not subject to demurrer on the ground that it failed to allege that defendant's agents knew of the fact that tobacco smoke made plaintiff sick, and that it failed to allege that he was placed in the car against his protest or objection. While these allegations might be necessary in order to state a cause of action for wanton negligence or willful injury, they are not necessary in an action for simple negligence. The count alleged the relation of passenger and carrier, the right of the passenger as for a first-class coach, and a breach of duty by the carrier in wrongfully placing him, a blind passenger, in a second-class or smoking car. The court properly overruled the demurrer to this count.

The fourth count was good, for the same reasons assigned above to the third, and for the additional reason that it alleged, in effect, that the plaintiff was wantonly placed in the smoker over his protest.

There was no error in refusing any of the four charges to the defendant, as to which error is assigned. The first requested a verdict for defendant unless the employe, placing plaintiff in the car against his expressed

will, had notice that plaintiff would, or would likely, be made sick on tobacco. This was not necessary to the right of recovery, though it might be necessary as for punitive damages (but as to this we do not decide).

The second charge requested a verdict solely upon the failure of the conductor to have notice of the fact that tobacco smoke would make plaintiff sick. The defendant might well be liable, under the evidence, in the absence of any such notice or knowledge on the part of the conductor.

The third charge required the court to peremptorily instruct the jury that defendant's agents had the right to assume that no damage or injury would result to plaintiff unless the conductor or flagman had actual notice that plaintiff was subject to be made sick on tobacco smoke. The plaintiff might have been entitled to recover under evidence that he was not made sick on tobacco smoke. This did not go to the entire right of recovery, but only to the degree of the negligence or the amount of damages.

There was evidence tending to support simple and wanton negligence on the part of defendant's agents, and thus to support or authorize actual and punitive damages. Therefore the general affirmative charge could not properly have been given for the defendant as to any count of the complaint.

While the verdict is probably large, yet, under the plaintiff's evidence and that of his sister, we are not willing to reverse the trial court in denying the motion for a new trial on the ground that the verdict was excessive.

The judgment of the city court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.