(85 South. 305)
GULF STATES STEEL CO. v. COMSTOCK et al.    (6 Div. 599.)

(Court of Appeals of Alabama.   April 20, 1920.   On Entry of Final Judgment, May 12, 1920.)

1. APPEAL AND ERROR ⟪1078(1)—ASSIGNMENTS NOT NOTICED BY APPELLANT WAIVED.
   Assignments of error, not noticed or insisted on in appellant's brief and argument, will be treated as waived.

2. APPEAL AND ERROR ⟪696(2)—REFUSAL OF AFFIRMATIVE CHARGES NOT CONSIDERED, WHERE BILL OF EXCEPTIONS DOES NOT RECITE THAT IT CONTAINS ALL EVIDENCE.
   Refusal of affirmative charges will not be considered on appeal, where bill of exceptions does not recite that it contains all of the evidence.

3. APPEAL AND ERROR ⟪907(4)—EVIDENCE PRESUMED TO SUSTAIN RULING ON INSTRUCTIONS WHERE BILL OF EXCEPTIONS DOES NOT RECITE THAT IT CONTAINS ALL THE EVIDENCE.
   Where bill of exceptions fails to recite that it contains all of the evidence, the appellate court will presume any state of the evidence which will sustain the giving or refusal of an instruction by the trial court.

4. PLEADING ⟪248(9)—AMENDMENT IN TRESPASS TO ORIGINAL COMPLAINT IN CASE HELD PROPER.
   Under Code 1907, § 5329, refusal to strike amendment in trespass to original complaint in case held proper; both being actions ex delicto.

5. TRIAL ⟪256(1)—PARTY WHO CONSIDERS CHARGE MISLEADING SHOULD REQUEST EXPLANATORY CHARGE.
   Where the court's charge fairly states the law, a party who fears that portions thereof are misleading should request explanatory charges.

6. TRESPASS ⟪57 — MORE THAN $300 FOR EVICTION FROM DWELLING HELD EXCESSIVE.
   In action in trespass and for eviction of plaintiffs from dwelling house, where plaintiffs had been fully reimbursed for personal property destroyed, verdict held excessive in so far as it exceeded $300.

7. APPEAL AND ERROR ⟪1140(2) — WHERE ONLY GROUND OF REVERSAL IS EXCESSIVE JUDGMENT, COURT WILL AFFIRM ON REMITTITUR.
   Where only ground of reversal was the excessiveness of the judgment, the Court of Appeals, under Acts 1911, p. 587, as amended by Acts 1915, p. 610, has power to determine the

proper amount of recovery and affirm judgment, subject to filing of remittitur of the amount of the judgment in excess thereof.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action in trespass by Mrs. Annie Comstock and another against the Gulf States Steel Company and another. Judgment for the plaintiffs, and defendant Gulf States Steel Company appeals. Affirmed.

It is deemed unnecessary to set out the pleadings, also assignments of error 1 to 6, inclusive, 9 to 15, inclusive, and 17, as they sufficiently appear. Assignments 7 and 8 are as follows:

(7) Part of the oral charge of the court, as follows: "If the Tennessee Coal, Iron & Railroad Company did any injury to the plaintiffs, whether it had been paid for or not, it is not a matter for your consideration."

(8) Part of the oral charge of the court, as follows: "If the plaintiffs in this case are entitled to recover for unlawful ejection or dispossession of the property, wrong dispossession of the property, then in that case it would be in the sound discretion of the jury to fix the amount of the damages, whatever you think would be just and proper."

The other matters sufficiently appear from the opinion of the court.

Percy, Benners & Burr, of Birmingham, for appellant.

The amendment to the complaint was a clear departure. 74 Ala. 107; 111 Ala. 248, 19 South. 995; 164 Ala. 6, 51 South. 238; 154 Ala. 580, 45 South. 686; 152 Ala. 262, 44 South. 592. If there were any damages, they were compensatory, and should not have been left to the discretion of the jury. 143 Ala. 238, 38 South. 916, 5 Ann. Cas. 55. Where one joint tort-feasor has paid an amount, such amount may be shown in an action against another tort-feasor to minimize damage, although not a bar to the action. 160 Ala. 590, 49 South. 340; 58 Ala. 600. Where one of several joint plaintiffs is not entitled to recover under the evidence, the action fails as to all, and the defendant is entitled to a directed verdict. 9 Ala. 306; 73 Ala. 42; 128 Ala. 267, 29 South. 386, 86 Am. St. Rep. 136. The servant charged with committing the wrong is not shown to have been acting in the line and scope of his employment, entitling defendant to a directed verdict. 166 Ala. 534, 52 South. 312; 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653.

Mathews & Mathews, of Bessemer, for appellees.

Where the bill of exceptions did not purport to contain all the evidence, the court will presume a state of the evidence sustaining the action of the trial court, in giving or refusing the instructions. 163 Ala. 593, 50 South. 1036; 165 Ala. 285, 51 South. 770; 180 Ala. 407, 61 South. 898. Where the acts and wrong are distinct and separate, a recovery against one tort-feasor does not bar a second recovery against another. 58 Ala. 606. The amendment did not constitute a departure. 152 Ala. 262, 44 South. 592; 154 Ala. 580, 45 South. 686; 164 Ala. 6, 51 South. 238. The jury was authorized to impose punitive damages. 93 Ala. 15, 11 South. 190.

BRICKEN, P. J. Appellees brought suit in the court below against appellant and the Tennessee Coal, Iron & Railroad Company. The original complaint contained four counts. By amendment the Tennessee Coal, Iron & Railroad Company was stricken as a defendant, and the cause proceeded against the appellant, resulting in a judgment against appellant for $600. After the Tennessee Coal, Iron & Railroad Company was stricken as a defendant, the complaint was amended by adding two additional counts, designated as A and B. The plaintiffs withdrew counts 3 and B, and the cause was tried upon counts 1, 2, 4, and A. The appellant, defendant in the court below, objected to the filing of the amendment to the complaint, and also filed a motion to strike the amendment to the complaint; both the objection and motion being overruled.

Counts 1, 2, and 4 were based upon trespass for entering the house occupied by plaintiffs as a dwelling and carrying away furniture, clothing, etc. Count A was in trespass for evicting plaintiffs from a house occupied by them as a dwelling while one of the plaintiffs, G. J. Comstock, the husband, was in the military service in the army of the United States. There are several assignments of error, 17 in all, and we will discuss them in the order of their assignment.

[1] Assignments 1 to 6, inclusive, are based upon the action of the court in overruling the demurrers, to the complaint as amended. However, these assignments are not noticed or insisted upon in brief and argument of appellant, and therefore, under the rulings of this court and of the Supreme Court, will be treated as waived. Fealy v. Birmingham, 15 Ala. App. 367, 73 South. 296; Rosenau v. Powell, 184 Ala. 396, 63 South. 1020.

[2, 3] Assignments 9 to 15, inclusive, are based upon the action of the court in refusing to give several charges requested in writing by defendant. These charges were the affirmative charges to the complaint as a whole, and separately as to the several counts of the complaint. The bill of exceptions does not recite that it contains all of the evidence, and the court will not be put in error for refusing these charges.

"When, on appeal, the bill of exceptions fails to recite that it contains all the evidence, the

appellate court will presume any state of evidence which would sustain the giving or refusal of an instruction * * * by the trial court." Postal Tel. Cable Co. v. Hulsey, 115 Ala. 193, 22 South. 854; Sanders v. Steen, 128 Ala. 633. 29 South. 586; Randall v. Wadsworth, 130 Ala. 633, 31 South. 555; Lewis Co. v. Lumber Co., 163 Ala. 592, 50 South. 1036; Ventress v. Clayton, 165 Ala. 349, 51 South. 763; Middlebrooks v. Sanders, 180 Ala. 407, 61 South. 898.

While this is the rule, we have, however, examined the record carefully, and it is our opinion that there was no error in the refusal of these charges.

[4] Assignment 17 is based upon the action of the court in overruling defendant's motion to strike the amendment to the complaint. There was no error in overruling the motion. The statute (Code 1907, § 5329) expressly authorizes the joinder of all actions ex delicto in the same suit. If, as contended by appellant, the original complaint was in case and the amendment in trespass, still both were actions ex delicto, and their joinder in the same suit was authorized.

[5] Assignments of error 7 and 8 are based upon exceptions to the oral charge of the court. We have examined the oral charge, and, when taken as a whole, as we must take it, we are of the opinion that the charge stated the law fairly to the defendant. If the defendant felt that the jury might be misled by these portions of the court's oral charge, it should have requested explanatory charges. At most, the portions excepted to could only be construed as misleading.

[6] The sixteenth assignment of error is based upon the action of the court in overruling defendant's motion for a new trial. One of the grounds of the motion for new trial is that the verdict was excessive. We have very carefully examined the testimony in this case, and we are of the opinion that this ground of the motion is well taken and that the verdict is excessive. The proof clearly shows that the plaintiffs have been fully reimbursed for the destruction of their personal property, and the amount assessed against this defendant for eviction of the plaintiff was excessive. It is shown that no force was used, and, in our opinion, $300 would be sufficient damages for them to recover of this defendant.

[7] Under the authority of the provisions of the statute approved April 2, 1911 (Acts 1911, p. 587), as amended by the act approved September 17, 1915 (Acts 1915, p. 610), we are of the opinion that there is no other ground of reversal in this case, except that the judgment of the lower court is excessive, and that $300 would be a proper amount of recovery. It is here ordered and adjudged by this court that this cause be reversed and remanded, unless the appellee file in this court a remittitur of the amount of the judgment recovered in excess of the sum of $300, such remittitur to be filed within 30 days. The clerk of this court will notify the appellees of the ruling made by this court, and that they are required to file a remittitur within the time required, or, upon their failure to do so, that the cause will be reversed and remanded as provided by statute.

It is further ordered and adjudged that, if said remittitur is duly filed by appellees as herein ordered, the judgment of the lower court for $300 is in all things affirmed.

## On Entry of Final Judgment.

PER CURIAM. The appellees having filed in this court a remittitur of $300 of the sum recovered by the judgment of the trial court, in pursuance to the former order of this court, thus reducing the amount of recovery to the sum of $300, as required by the order heretofore made, the judgment of the lower court for that amount is hereby affirmed.

Affirmed.