31 So.2d 762
**BIRMINGHAM ELECTRIC CO. v. WALDEN.**

6 Div. 334.

Court of Appeals of Alabama.
June 30, 1947.

Rehearing Denied Sept. 2, 1947.

212

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Lipscomb & Lipscomb, of Bessemer, and Earl McBee, of Birmingham, for appellee.

CARR, Judge.

This appeal is from a judgment in the court below in favor of the plaintiff there. The action is by a passenger against a car-

rier for damages resulting from personal injuries alleged to have been proximately caused by the negligence of the defendant's agent or servant in charge of the operation of a street car.

### Assignment of Error No. 2

It is contended here that the court erred in denying the motion for a new trial on the ground the verdict was excessive. The amount of the award was $750.00.

This is not a novel presentment to our appellate courts. However, each case is different and must stand alone on its peculiar facts. To collate the authorities would lend little light, and this is more aptly true when the amount of damages is to be based on and determined by injuries that are in their nature personal with the various elements concomitant thereto. In such cases the sum to be awarded is largely discretionary with the jury. It is, of course, difficult for the court to fix the compensation upon any legal standard of measurement. Luquire Funeral Homes Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154; Birmingham Ry., L. & P. Co. v. Coleman, 181 Ala. 478, 61 So. 890.

In the case at bar appellee claims, also, for loss of wages. In relation thereto, she included in her testimony time she actually lost from her job and also an amount resultant from a decrease in compensation due to her inability to fully perform her customary duties when she resumed her employment after her injury.

Her fall in the street car was due either to a sudden start or an abrupt checking of the forward progress of the car. However, at the time she had just deposited her fare and was proceeding toward a seat. She had in her arms her grandson, a child about one year old.

The appellee enumerated her personal injuries as follows: Skinned place on leg which "bled a lot"; "My elbow was skinned and this hand turned black, just as black, and it swelled up in just a minute"; hip was discolored and "was bruised and turned black"; wrist was hurt and was bandaged by physician. She stated, also, that she suffered very much on account of these injuries and that the doctor gave her hypodermics to relieve her pains. She claimed that the hurt to the wrist continued to give her pain to the time of the trial. She testified that the doctor came to attend her "every day the first week and the next week every other day."

It is true that the attending physician, who testified in appellant's behalf, did not regard appellee's injuries to be very serious, and from his testimony it can be inferred that the plaintiff was not injured as severely as she contended. Of course, this was a matter which addressed itself to the jury and trial court.

Appellant relies primarily on the case of Birmingham Electric Co. v. Bailey, 31 Ala. App. 275, 15 So.2d 465, and insists that by analogy and comparison we should here hold on its authority that the verdict is excessive. It appears to us that counsel overlooks an influencing principle of review. It may be conceded that the sustained injuries in the Bailey case were greater and more serious than those to the plaintiff in the instant case. However, the only question presented in this aspect in the Bailey case was whether or not the damages awarded were excessive. We held that they were not. This is not equivalent to a declaration and adjudication that the amount was adequate, since the determination of its inadequacy vel non was not before the court.

We have briefly delineated a description of the claimed injuries. From them the conclusion is clearly evinced that we should not disturb the judgment of the trial court in his action in sustaining the verdict of the jury. The following authorities lend support to our view. Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733; Sloss Sheffield Steel & Iron Co. v. Willingham, 243 Ala. 352, 10 So.2d 19; Birmingham Electric Co. v. Cochran, 242 Ala. 673, 8 So.2d 171; Western Steel Car & Foundry Co. v. Bean, 163 Ala. 255, 50 So. 1012; Brasfield v. Hood, 221 Ala. 240, 128 So. 433; Montgomery City Lines v. Hawes, 31 Ala.App. 564, 20 So.2d 536; City of Birmingham v. Lewis, 92 Ala. 352, 9 So. 243; City of Birmingham v. Young, 246 Ala. 650, 22 So.2d 169.

### Assignment of Error No. 3

We are here called upon to review the action of the court below in refusing to appellant written charge numbered 20.

■ It appears from the evidence that the appellee sustained an injury to her back on February 8th, 1944, several months prior to the occasion of instant concern. This was brought into the record over the objections of the plaintiff. It was the privilege of the jury to have all facts relating to the physical condition of the appellee at the time of her injury which forms the basis of the present suit. The charge, therefore, was invasive of their province. 15 Am.Jur., Damages, Sec. 80, at page 488; Anderson v. Timberlake, 114 Ala. 377, 22 So. 431, 62 Am.St.Rep. 105; St. Louis & S. F. R. Co. v. Savage, 163 Ala. 55, 50 So. 113.

### Assignment of Error No. 10

Appellant's counsel asked the physician this question: "How long had you treated her, actually been seeing her for the first accident?" Before the court ruled on the objection, the witness answered: "I told you I dismissed her on the 24th."

■ It is not clear from the record whether the doctor was here referring to the first or second accident. However, there was no attempt to clarify the matter and make the record disclose what was, in fact, the true intendment. Under these conditions we must hold that prejudicial error is not apparent, and that the answer to the question freed the subsequent ruling of the court of any odium to appellant.

■ We think that the ruling of the court cannot be infested with error for another reason. When the plaintiff had completed her direct testimony, she was withdrawn from the stand, and the physician was introduced as a witness out of order for his convenience. At this place in the trial proceedings, the plaintiff had not been interrogated about any prior injury, neither had any other witness testified with reference thereto.

In support of his ruling, the court stated: "I am sorry, gentlemen, it has come up this way. I don't think you would have any trouble about it if the doctor was on the stand here in an orderly way. You haven't cross examined her yet. I think you have got to have something definite on it, I am sorry it has come up this way, so I will sustain the objection to it at this time."

■ This court is, of course, aware of the situations that arise during the trial of causes where witnesses are seriously inconvenienced by having to sit in waiting to be called to testify. This is particularly true in cases where busy physicians are affected. Even so, these exigencies cannot give place to an abandonment of the rules of evidence and permit us to penalize a party in her effort to have compliance therewith. We hold, therefore, that the question was hypothecated on a state of facts, or had reference to an inquiry, that had not been sufficiently established in the evidence. Alabama Great Southern R. Co. v. Neal, 8 Ala. App. 591, 62 So. 554; Brooks v. State, 32 Ala.App. 389, 27 So.2d 48.

### Assignment of Error No. 11

Immediately following the question we have just discussed, counsel stated: "I am asking him now how long she was off and didn't do any work as a result of that first accident in February. I don't know what the Doctor is going to say because I haven't had a chance to ask him."

It is uncertain whether this is intended as an interrogation to the witness or a statement to the court. Be this as it may, the court sustained objections to it, and appellant makes the ruling a basis for an assignment of error.

What we said in our treatment of Assignment of Error No. 10 will suffice to illustrate our conclusions here. The same rules are applicable.

### Assignment of Error No. 12

■ In answer to a question, appellee stated: "Yes, sir, and I went to the B. R. L. & P. Company and tried to settle with them." On motion of appellant's counsel, the voluntary statement was excluded. In emphatic terms the trial judge stated: "You will disregard that statement entirely, gentlemen. Remove it entirely from your minds. I will instruct you not to consider it in any respect whatsoever."

The position posed is that the lower court was in error in not declaring a mistrial as requested by appellant. We do not think that the assertion was so damaging or hurtful to the interests of the movant to require or necessitate a cessation of the progress of the trial. Of course, the answer should have been and was excluded. The assertion does not bear any inference, nor does it carry any implication that the appellant admitted any liability or was in any way proposing a settlement of the matter.

### Assignment of Error No. 13

In order to clearly present the insistence here made, we will copy somewhat at length from the record:

"Mr. Lipscomb: As long as she has gone into what the motorman said and everything—(b), No. 19-(b) I had a conversation with the motorman. (c) Immediately after the accident. (d) On the street-car the motorman told me that it was his fault—

"Mr. Simpson: He is sitting there reading her answer, may it please the Court to our interrogatories there where she is making a statement, attempting to get an answer in that is hearsay and has got nothing to do with it and I submit his attempt to do that is reversible error and I move the Court to declare a mistrial.

"The Court: Overruled.

"Mr. Simpson: We reserve an exception.

"Mr. Lipscomb: I ask the Court to read that answer to 19, just that answer, Judge.

"The Court: All right.

"Mr. Lipscomb: My contention is that that explains some of the things she said in No. 28 and I don't want to put it to the Jury until your Honor rules on it.

"The Court: I will reserve my decision.

"Mr. Lipscomb: My contention is that it is a continuation of that same question that was in 28 and part of the same conversation in which she was talking about.

"Mr. Simpson: She is sitting there there, he can ask her about any conversation.

"Mr. Lipscomb: Do you want to object to it.

"Mr. Simpson: Well, I don't know what your question is, you ask it and then I will object.

"Mr. Lipscomb: I asked her and you objected to that, I want to get the rest of the conversation that he went into, and if you will read the answer to No. 28—

"The Court: I will let you proceed on the proposition of the conversation, I don't know what you have in mind. On No. 19, I will reserve my ruling on that for the time being."

■ . As we interpret the record as it discloses the proceedings at this point, counsel for appellee was attempting to present to the court the question of the admissibility vel non of the answer to an interrogatory. The trial judge reserved his decision and the answer was not tendered in evidence.

In any event, we do not think the incident invited such an extreme measure as an order of mistrial, as is here urged.

### Assignment of Error No. 14

■ This is grouped in argument in brief with assignment Number 13. It is a familiar rule that if assignments of error are grouped in argument if any one so included is without merit a consideration of the others may be pretermitted. Ogburn v. Montague, 26 Ala.App. 166, 155 So. 633; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Bankers Fire & Marine Ins. Co. v. Draper, 245 Ala. 653, 18 So.2d 409.

### Assignment of Error No. 15

The insistence here made relates to two questions propounded by appellant to the husband of the appellee. They are: "In other words, the accident that happened in February 1944 didn't cause her any disability at all?", and, "Did she ever complain that she had any disability from the accident that happened on February the 9th or in February of 1944?"

The first of these questions is in the form of an argument.

Be this as it may, the facts here sought by each question were fully developed from this same witness immediately following

the inquiries just above. We will demonstrate by copying from the record:

"Q. I didn't ask you about her hand, I asked you if she complained she couldn't do her house work like she used to? A. No, she never said anything about not doing her house work, she had a hurting in her back.

"Q. Was she able to do her house work? A. Not like she used to, no sir.

"Q. The first accident fixed her so that she couldn't do her house work? A. No sir, she never has been to where she couldn't do any of it, she can do part of it but not like she did before hand.

"Q. In other words, the first accident had the result that she couldn't do her house work like she had done it before, is that right? A. Like she did it before the other one happened.

"Q. Yes, before the February accident? A. No sir, she wasn't normal then, no sir.

"Q. She wasn't normal when? A. After the other one happened.

"Q. She wasn't normal after the first accident happened? A. No, sir.

"Q. And after the first accident happened she wasn't able to do her house work like she had done it before? A. No, sir.

"Q. And that condition continued on up until this second accident happened? A. No, sir, she had gotten some better.

"Q. It had gotten some better but she still complained she couldn't do her house work all right? A. She still complained, yes sir.

"Q. When this second accident came along? A. Yes, sir."

If it can be said that the lower court was in error in disallowing the answers to the questions under review, it was clearly without substantial harm to the appellant in the light of the testimony that followed. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala.App. 335, 62 So. 245; Butler v. State, 16 Ala.App. 234, 77 So. 72; Norris v. State, 16 Ala.App. 126, 75 So. 718; Russell v. State, 17 Ala.App. 436, 87 So. 221.

 We have treated only those assignments of error upon which insistence is registered in brief of appellant's counsel. Supreme Court Rule 10, Code 1940, Tit. 7 Appendix; Gulf States Steel Co. v. Comstock, 17 Ala.App. 430, 85 So. 305; Downey v. Johnson, 31 Ala.App. 514, 19 So.2d 85.

The judgment of the primary court is ordered affirmed.

Affirmed.