41 So.2d 619

**MAGIC CITY BOTTLING CO. v. TOLBERT.**

**6 Div. 807.**

Court of Appeals of Alabama.
July 19, 1949.

517

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Harsh & Glasser, of Birmingham, for appellee.

CARR, Judge.

Plaintiff's cause of action is stated in one count of the complaint:

"Plaintiff claims of defendant $10,000.00 as damages for that heretofore on, to-wit, the 7th day of October, 1947, and for twelve months prior thereto, the defendant was engaged in the business of bottling soft drinks, including, to-wit, Zimba Kola, intended to be distributed to and consumed by the public as such; and plaintiff further avers that on said date he purchased a bottle of, to-wit, Zimba Kola from, to wit, The Sloss Sheffield Steel & Iron Company's commissary, at Maben, Alabama, which said soft drink was bottled by the defendant as aforesaid. Plaintiff further avers that at the time he purchased said soft drink and consumed a part of the contents thereof on said occasion, the said bottled soft drink contained a foreign substance, to-wit, a worm or a part of a worm which rendered same unfit for human consumption, and plaintiff further avers that in or about drinking the contents of said bottle or a part thereof, a part of said substance got into plaintiff's mouth, and plaintiff consumed a part of the contents of said bottle which was contaminated with or by said foreign substance as a proximate consequence of all of which plaintiff was made sore and sick * * *."

Here follows a catalogue of alleged personal injuries, also claim for loss of time from work.

In the court below there was a judgment in favor of the plaintiff for $750.00.

The prime burden of appellant's contention is that the court erred in overruling its motion for a new trial. Two grounds are stressed in brief of counsel: (1) The verdict of the jury is contrary to the evidence. (2) The verdict is excessive in amount.

The evidence introduced in behalf of the appellee is amply sufficient and potent to support the position that a worm was found in the bottle, as alleged in the complaint. Four witnesses, who were apparently disinterested, testified to this effect.

The appellee testified, also, and gave evidence of drinking a part of the contents of the bottle in which there was a worm.

■ The appellant introduced Mr. Adams, an expert chemical engineer, who testified in substance that if air escapes from a bottled drink of the kind in question a fermentation is likely to follow, and this may appear in the form of a slimy substance generally called "mother of vinegar." The witness stated also that this formation is similar in appearance to a red or fishing worm.

It is insisted that on the basis of this disclosure it is entirely likely that the plaintiff and his witnesses were mistaken in their identification of the object which, according to their testimony, they found in the bottle. On this account we are urged to charge error to the court below in his action in denying the motion for a new trial.

We cannot agree with this position. Mr. Adams did not see nor examine the substance about which the appellee complains. His deductions, of course, were predicated on mere possibilities and conditions that could occur. His testimony, under these circumstances, could not have the effect of destroying the potency of the positive and unequivocal declarations of the witnesses who stated that a worm was, in fact, contained in the bottle.

If it may be said that the testimony of Mr. Adams presented a conflict in the evidence, it was only to a slight degree. This would not warrant us in disturbing the judgment of the lower court in the matter of instant concern.

It should be noted that the vendor of the soft drink, who opened the bottle for the plaintiff, testified that there was no indication of air leakage; that "it fizzed, it wasn't flat."

In some respects the case at bar presents analogous questions to those we reviewed in the recent case of Great Atlantic & Pacific Tea Co. v. Meeks, Ala.App., 38 So. 2d 891.[1] We there attempted to discuss and illustrate many authorities which have followed in the wake of our judicial decisions. To these we here add Alabama Coca-Cola Bottling Co. v. Causey, 28 Ala. App. 115, 180 So. 588.

We entertain the view that we would be out of harmony with these authorities, and many others that could be cited, to accede to the position of appellant in the matter of instant review.

■ The plaintiff's evidence supported the contention and claim that he became ill after drinking a portion of the contents of the bottle in question. His illness was evidenced by intense nausea, abdominal pains, and profuse vomiting. This condition appeared at intervals for several days, and his malady required the care and treatment of a physician.

It appears that the appellee had been suffering prior to the incident with some stomach disorder. The doctor who treated him for this trouble also attended him for the ailment which is the basis of this suit.

We quote a pertinent part of the physician's testimony:

"A. Well, I think he would have some symptoms both muscular and from his stomach itself. He would have some soreness from the stomach and some of it would be muscular.

"Q. Now, is that true without referring to an existing stomach ulcer or stomach condition? A. I think that is true from any type of profuse vomiting.

"Q. Let's assume in the question he had a prior existing stomach condition, would that have lessened the likelihood of pain and disturbance and discomfort to his stomach or increase it? A. The prior existing condition he had, in my estimation, was in his duodenum.

"Q. Assuming that condition in his duodenum, would that have increased the likelihood of the pain and suffering in that region or would it have had no effect, in your judgment? A. In my opinion, it would have affected it inasmuch as it increased the hydrochloric acid retained in the stomach which passed through the duodenum.

[1]. Ante, p. 241.

"Q. In other words, the effect of the duodenum would be the increase of hydrochloric acid passing through it? A. That's right.

"Q. And burning that sore place on his duodenum? A. Irritating.

"Q. That, I believe, is so far, a total of three visits. Do you recall whether or not he came to see you any more after that? A. He has been returning to me every once in awhile. I couldn't say how often, but he has been coming for treatment."

The plaintiff lost three shifts from his work, the wages for which would have been $39.00. He claimed, also, for mental and physical suffering.

We are unable to conclude that the verdict for $750.00 was palpably wrong or unjust, or in awarding the amount the jury was moved by prejudice or passion.

Judge Harwood wrote the opinion for this court in the case of Birmingham Coca-Cola Bottling Co. v. Sellers, Ala.App., 39 So.2d 706. We there held that an award of $400.00 was not excessive.

Our view was influenced largely by the holding in Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22, in which a verdict of $500.00 was not disturbed.

In neither of the above cases were the illness and resultant effects nearly so severe and prolonged as in the case at bar.

In the Sellers case we took into account the present value of a dollar as compared with its value in former years. This observation and truism must be applied also in the instant case.

By analogy the following additional authorities lend support to our view: Alabama Power Co. v. Adams, 31 Ala.App. 438, 18 So.2d 145; Louisville & N. R. Co. v. Weathers, 163 Ala. 48, 50 So. 268; Birmingham Electric Co. v. Walden, 33 Ala. App. 211, 31 So.2d 762; Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733.

In rebuttal appellee was asked: "Was it a worm or mother of vinegar?" Over appellant's objections that the inquiry invaded the province of the jury, the witness replied: "It was a worm."

The above question was propounded after Mr. Adams had testified. The effect of the answer was a reiteration of repeated prior statements of the appellee and his witnesses. It was no more than a confirmation or an additional asseveration of testimony to which the appellee had previously deposed.

The appellant was in no manner prejudiced by the added statement in consonance with what had preceded in the testimony.

We have responded to the questions which are stressed in brief of appellant's counsel.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.