THIGPEN, Judge.
James A. Black purchased a new 1990 Ford Tempo (vehicle) for his wife from Woody Anderson Ford (dealership) in December 1989. The vehicle allegedly had some defects which the dealership and Ford Motor Company (Ford) failed to remedy. Black sought rescission of the sale of this new vehicle pursuant to Ala.Code 1975, § 7-2-608.
When a rescission was refused by the dealership, Black filed a complaint on May *1031 22, 1990, against Ford, the dealership, and AmSouth Bank (AmSouth), the assignee of the installment sales contract on the vehicle. In the complaint, Black sought damages for breach of express and implied warranties and for violation of the Magnu-son-Moss Warranty Act, 15 U.S.C. § 2301, et seq. A pre-trial order was entered by the trial court on August 14, 1990, which determined the issues to be tried. Less than a month before trial, AmSouth filed an amendment adding a counterclaim against Black, but did not request a modification of the pre-trial order. The trial commenced on February 20, 1991. The trial judge granted the defendants’ motions for directed verdict.
On appeal, Black contends that the trial court committed seven reversible errors and provides record references supportive of his allegations.

Assignment of Error No. 1

The trial court granted each attorney one strike per round during jury selection. There was one lawyer for Ford, one for AmSouth, and one for Black. The trial court stated:
“... the way we will strike the jury is that the Plaintiff [Black] will be given a strike and that each Defendant will be given a strike....”
Whereupon, the attorney for AmSouth stated:
“Judge, just so the record is clear, are we talking about one strike per Defendant per round, or one strike per lawyer?”
The court responded:
“No. We’re talking about one strike per lawyer per round.”
As a result of this decision, Black was allowed only five strikes to the defendant’s eight.

Assignment of Error No. 2

The trial court allowed the defendants to call the first witness, stating:
“We are going to follow a different procedure, over the objection of the Plaintiff [Black], on the record, in allowing one of the Defense witnesses to testify out of order, and he has given me the reason why he wants to testify out of order and I have allowed him to do that. That’s a matter of discretion with the Court, and it’s not a matter for inquiry by the jury....”
Accordingly, a witness for Ford was the first witness to testify in this case.

Assignment of Error No. 3

As the trial proceeded, the trial court repeatedly sustained objections to testimony of Black’s witnesses regarding statements made to them by . dealers allegedly authorized to perform warranty work on behalf of Ford on the grounds that these statements were hearsay.

Assignment of Error No. 4

The trial court granted the motions for directed verdicts filed by the dealership, Ford and AmSouth, in spite of the following evidence presented at trial:
Black presented nine witnesses at trial who testified that they had accompanied Black at various times when the vehicle was taken to the dealership for service. Two of these witnesses testified to the existence of the alleged defects in the vehicle. Two other witnesses testified regarding the inspection and problems with the vehicle’s alignment. The salesman who sold the vehicle to Black also testified that Black complained of problems with the vehicle, including its alignment, and that Black stated that he would be happy if he could trade his vehicle for another one. The salesman additionally testified that management stated that Black would need $3,000 to trade. He further stated that Black came in consistently, that the vehicle was still under factory warranty, and that the dealership had assured Black of taking care of any problems. An expert also testified on behalf of Black regarding the impaired value of the car.

Assignment of Error No. 5

After Black was called to the stand, his attorney questioned him regarding his medications that could impair his ability to re *1032 member, which resulted in the following exchange:
“THE COURT: Are you attempting to impeach your own witness?
“MR. DEZENBERG: Your Honor, he’s got some serious medical problems that he cannot remember events.
[[Image here]]
“MR. DEZENBERG: He’s on medication that causes drowsiness and everything else.
[[Image here]]
“MR. DEZENBERG: What are your medical problems, Mr. Black?
“THE WITNESS: Hypertension, severe anxiety, heart trouble.
[[Image here]]
“THE WITNESS: I’m on prescriptions.
[[Image here]]
“THE COURT: Is there any other — for lack of a better term I’ll call it a mental condition that causes him to be unable to relate in a correct manner, ... the facts and events leading up to which are the subject matter of this particular action?
“MR. DEZENBERG: I think he’s limited, but he can relate events that happened. But he does get confused as to dates.
“THE COURT: Does anyone have any motions to make at this point?
“MR. BAXTER: Judge, we would move to exclude his testimony on the grounds that he’s incompetent to testify.
“MR. MAPLES: So moved.
“THE COURT: So ordered. You have to step down Mr. Black.”
Accordingly, Black was precluded from testifying on his behalf.

Assignment of Error No. 6

After the trial court ruled that Black was incompetent to testify, Black’s attorney attempted to elicit Black’s testimony through an offer of proof pursuant to Rule 43(c), A.R.Civ.P. The following transpired:
“Q: Mr. Black, let me ask you with respect to the automobile that you purchased, when did you purchase the automobile?
“THE COURT: This is an offer of proof with respect to his qualifications as a witness, not with respect to the trial of the facts of the case.
“MR. DEZENBERG: Well, he has been totally excluded, so I wanted to make an Offer of Proof for the record as to what he was going to testify to.
“THE COURT: The Court has given you an opportunity to make an Offer of Proof with regard to his qualifications to testify here, Mr. Dezenberg, one more time. That’s the only thing this is limited to, not with respect to the trial of the case. The jury is not here. They’re the trier of fact.”
Accordingly, the trial court excluded Black from making an offer of proof as to Black’s ability to relate the facts of his case.

Assignment of Error No. 7

At the same time that the trial court granted the directed verdicts in favor of all defendants, it also granted a default judgment against Black on AmSouth’s counterclaim which was filed 29 days before the trial.
DISCUSSION
After reviewing the record, we find the following:
With regard to the first alleged error, Black properly objected to the procedure for striking a jury, and in accordance with Rule 47(c), A.R.Civ.P., Black was entitled to seven strikes instead of five. Rule 47(c), A.R.Civ.P. states:
“[F]or the purpose of striking the jury, two or more parties having relatively similar interests may be aligned as a single party or the court may ... permit strikes to be exercised separately or jointly; but, in all events, ... [the] plaintiff shall have no less than one less than the total number of strikes allocated to all other parties....”
The defendants were allowed eight strikes, Black was only allowed five; accordingly, we find error here.
With regard to the second alleged error, we find that a court cannot allow a *1033 witness to testify out of order as a matter of convenience. Birmingham Electric Co. v. Walden, 33 Ala.App. 211, 31 So.2d 762 (1947). In that case, the plaintiff was withdrawn from the stand after giving her direct testimony but before she was interrogated about her prior injuries. The defense then called a physician to the stand who testified out of order for his convenience. The trial court sustained the plaintiff’s objection to the question asked of the physician regarding his treatment of the plaintiffs prior injury. This court affirmed the trial court’s ruling, stating that ... “exigencies cannot give place to an abandonment of the rules of evidence and permit us to penalize a party in [plaintiff's effort to have compliance therewith.” Birmingham Electric, 33 Ala.App. at 215, 31 So.2d at 765.
The rules of evidence provide that the proceedings at trial begin with the plaintiff’s putting on his case-in-chief followed by the defendant’s case or evidence in defense. C. Gamble, McElroy’s Alabama Evidence, § 433.01 at 978 (4th Ed.1991). Here, the trial court abandoned the rules to allow a defendant’s witness to testify out of order before Black for what appears to amount to the mere convenience of the witness. We also find error here.
The third alleged error involves the trial court sustaining objections to certain testimony regarding statements to Black’s witnesses by various “authorized” Ford dealers. We find that until Black establishes that these dealers did in fact have the authority to impose conditions on the vehicle’s warranty or to modify the conditions of the warranty, these conversations are properly excluded as hearsay since a proper predicate had not been laid to establish that the dealers were agents of Ford or were given authority by Ford to modify the conditions of the warranty. See Volkswagen of America, Inc. v. Harrell, 431 So.2d 156 (Ala.1983). There is no error here.
With regard to the fourth error alleged, the granting of a directed verdict for all defendants was erroneous. A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Zaharavich v. Clingerman, 529 So.2d 978 (Ala.1988). The record reveals that Black presented sufficient evidence to defeat a motion for a directed verdict and to take the case to a jury against all defendants even in the absence of Black’s testimony. We find reversible error.
Finally, with regard to the fifth alleged error, we find that Black was improperly found to be incompetent by the trial court. A presumption of competency attends a witness. Kendrick v. State, 52 Ala.App. 230, 291 So.2d 165 (1974). It appears from the record that Black’s counsel was attempting to show that Black’s medication may cause him to confuse the dates of certain events. One may make this fact known to the jury before the plaintiff begins to explain the circumstances surrounding the facts of the case. Moreover, any discrepancies in his testimony and the other witnesses’s testimony would go to his credibility rather than his competency as a witness. Taylor v. State, 408 So.2d 551 (Ala.Crim.App.1981). The trial court decides a witness’s competency, and its decision stands unless there is strong evidence of an abuse of discretion. Smith v. State, 380 So.2d 345 (Ala.Crim.App.1980). In this case, however, we find that the trial court did not make any examination of the witness to determine whether he understood the nature of his oath, nor did it ask any questions of Black to determine whether his testimony would be highly untrustworthy. Black, as a plaintiff, was a key witness in his cáse and the exclusion of his testimony on the grounds of incompetency constitutes reversible error.
Having found reversible error on the incompetency issue, we pretermit detailed discussion of the alleged errors regarding the trial court’s rulings involving any offer of proof by Black in this regard. In this case, Black’s attorney did have the right to make an offer of proof of the expected answer and/or the relevancy of such answer by Black regarding the events *1034 surrounding his purchase and ownership of the vehicle in question as a condition precedent to review on appeal. C. Gamble, McElroy’s Alabama Evidence, § 425.01(2) at 947 (4th Ed.1991).
Lastly, we address the issue of whether the trial court improperly granted a default judgment for AmSouth on its counterclaim against Black. The record shows that the counterclaim was filed by AmSouth on January 22, 1991, six months after its answer was filed. Since a pretrial order was already in existence, Am-South should have requested a modification from the trial court. We recognize, however, that trial courts are not strictly imposing this requirement on litigants due to the practice of freely allowing amendments.
We do find, however, that once counsel “appeared” on Black’s behalf, he was entitled to be served with written notice of the application for default judgment at least three days prior to the hearing on such application in accordance with Rule 55(b)(2), A.R.Civ.P. It is undisputed that Black and his attorney appeared for trial on February 20, 1991. Clearly, Black was present and litigating his case. Granting a default judgment in this instance goes against the very purpose of having default judgments, which is to prevent parties from failing to plead or otherwise defend their case. We find reversible error here as well.
This case is reversed and remanded for a new trial. The trial court is instructed to enter a new order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in the result only.