# McGuff v. The State.

## Indictment for Carnal Knowledge or Abuse of Female Child.

1. *Sufficiency of indictment.*—An indictment which, following the words of the statute (Code, § 3739; Form No. 24, p. 269), charges that the defendant "did carnally know, or abuse in the attempt to carnally know C. B., a girl under the age of ten years," is sufficient.

2. *Sufficiency of verdict.*—Under an indictment which charges, in a single count, that the defendant "did carnally know, or abuse in the attempt to carnally know," a girl under ten years or age, a general verdict of guilty as charged is sufficient, although it does not specify the particular offense.

3. *Same.*—The said offense being punishable, at the discretion of the jury, "either by death, or by imprisonment in the penitentiary for life" (Code, § 3739), a verdict of guilty, "fixing the penalty at imprisonment for life," authorizes a sentence of imprisonment in the penitentiary for life.

4. *Putting witnesses under rule.*—When the witnesses for the prosecution are put under the rule, it is discretionary with the court to permit one of them, the father of the child on whom the alleged offense was committed, to remain in the court-room during her examination; and the exercise of this discretion is not revisable.

5. *Competency of witness, as affected by mental capacity.*—A girl seven years old, upon whom the offense is alleged to have been committed, is competent to testify as a witness, when her examination on *voir dire* shows an intelligent comprehension of the belief that a falsehood is morally wrong, and that it will be severely punished in the future.

6. *Examination of person of prosecutrix*—On a prosecution for the carnal knowledge or abuse of a female child under ten years of age, the defendant can not insist, as matter of right, that she shall submit to an examination of her person by medical experts; and if such examination can be compelled in any case, it is matter of judicial discretion, and not revisable.

7. *Charge as to confessions.*—When confessions have been allowed to go to the jury, on proof that they were made voluntarily, the jury may determine the weight to which they are entitled, but can not reject them as incompetent evidence; and a charge which instructs them that "they can not consider any confessions made by the defendant, unless they find from the other evidence, beyond all reasonable doubt, that he is guilty as charged," is properly refused.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case was found at the July term, 1889, and charged that the defendant, John McGuff, "did carnally know, or abuse in the attempt to carnally know, Cora Bishop, a girl under the age of ten years." On the trial, issue being joined on the plea of not guilty, the jury

returned a verdict in these words: "We, the jury, find the defendant guilty as charged in the indictment, and fix the penalty at imprisonment for life;" and the court thereupon sentenced him to the penitentiary for life.

The defendant moved the court to put the witnesses for the prosecution under the rule, and the court thereupon required all of them to retire except C. C. Bishop, the father of said Cora, who was allowed to remain. The defendant asked that he be excluded during the examination of the child, "and stated to the court, as the ground of said motion, that the testimony would show that said Cora had made different statements as to the matter, and that her testimony on which the State relied had been extorted from her by her father under the lash, and that she was still under the influence of that duress. The court overruled the motion, and allowed said Bishop to remain; and he sat within eight or ten feet of said Cora, during the whole of her examination as a witness. To which ruling and action of the court the defendant excepted."

The child being introduced as a witness for the prosecution, the defendant objected to her competency, "on account of her tender years;" and being thereupon examined by the court touching her competency and capacity, she said, "that it is wrong to tell a lie; that she would be burned in flames if she told a lie; and that she would go to Jesus when she died, if she done good all her life. She stated also, on cross-examination by defendant's counsel, that she did not know when she would be burned in flames, nor in what flames; said at first that she did not know who had told her this, but then said her aunt had told her, and that her mother had told her; that they had told her before she was summoned as a witness in this case that she was sworn to tell the truth; that if she would tell the truth, and be good, she would go to Jesus when she died; that it was right to tell the truth; that she would be burned up for telling stories; that she did not know if any one had told her what to swear; and that she was seven and one-half years old." The court held her competent as a witness, and permitted her to testify; and the defendant excepted.

The child, having testified to the circumstances attending the assault, further stated that the defendant gave her a nickel, and threatened to kill her if she told what he had done; that she went back to her father's house, and asked for her purse to put the nickel in it; that her father asked where

she got it, and whipped her because she would not tell; that she then said the defendant had given it to her, and, on the defendant's denial, her father whipped her again for telling a falsehood; that she afterwards walked back to the field, and picked cotton the rest of the evening. The child's mother, who made an examination of her person that night, testified as to the extent of her injuries; and her grandmother, who examined her several days afterwards, gave similar testimony; while several physicians, examined as medical experts on the part of the defendant, gave testimony which tended to impeach their statements. The defendant asked the court "to appoint a committee of competent physicians to examine the person of the said Cora, in order that they might testify as to the evidences of injury, if any, received by her;" and he excepted to the refusal of the court to do so.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "The jury can not consider any confessions they may believe the defendant made, unless they find from the other evidence, beyond all reasonable doubt, that the defendant is guilty as charged in the indictment." (2.) "Unless the jury believe from the evidence outside of any confessions they may believe the defendant made (if they believe he made any), beyond all reasonable doubt, either that the defendant had carnal knowledge of said Cora Bishop, or that he injured her sexual organs in the attempt to have carnal knowledge of her, they can not find him guilty."

MATTHEWS & DANIEL, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—1. The indictment is found under section 3739 of the Criminal Code, which provides that "any person, who has carnal knowledge of any *female* under ten years of age, or abuses such female in the attempt to have carnal knowledge of her, must, on conviction, be punished, at the discretion of the jury, either by death, or by imprisonment in the penitentiary for life."—Crim. Code, 1886, § 3739. The indictment charges, in proper form, that the defendant "did carnally know, or abuse in the attempt to carnally know Cora Bishop, a *girl* under the age of ten years." It follows the form prescribed by the Code by literal compliance, and is therefore sufficient.—*Myers v. State*, 84 Ala. 11.

2. It is objected, that the verdict of the jury should have specified which of the disjunctive offenses charged in the indictment the defendant was convicted of, and that a general verdict of guilty is erroneous, and proper ground for reversal of the judgment. The offenses, thus charged disjunctively, are of the same character, and subject to precisely the same punishment. They could, therefore, be charged in the same count in the alternative.—Crim. Code, 1886, § 4385; *Horton v. State*, 53 Ala. 488. Where this form of indictment is authorized, we have uniformly held that a general verdict of guilty is not ground of error, or for motion in arrest of judgment.—*Johnson v. The State*, 50 Ala. 456; *Cawley v. The State*, 37 Ala. 152.

3. The jury had the discretion, under the statute, to fix the punishment, either by death, or by imprisonment in the penitentiary for life. They adopted the latter alternative, fixing the penalty at "imprisonment for life," without specifying the place of imprisonment. The court properly sentenced the defendant to imprisonment in the State penitentiary, for and during his natural life. The statute fixed the place, and it could not have·been elsewhere.—Crim. Code, 1886, §§ 3739, 4492; *Gunter v. State*, 83 Ala. 96.

4. The refusal of the court to put the witness Bishop, the father of the injured girl, under the rule, by compelling his withdrawal from the court-room during the child's examination, was a matter within the sound discretion of the trial court, and is not subject to our review on appeal.—*Ryan v. Couch*, 66 Ala. 244; 1 Greenl. Ev. (14th Ed.), § 431.

5. It is objected that the witness Cora Bishop, upon whose person the alleged abuse was practiced, was incompetent on account of her tender years, and her inability to comprehend the nature and binding obligation of an oath. She is shown to have been between seven and eight years old at the time she was examined. There is no particular age at which a witness may, in all cases, be pronounced legally competent or incompetent to testify. This would be unwise, not only because children differ greatly in powers of observation and memory, but because such a rule would practically "proclaim immunity to certain offenses of a serious nature against the persons of children, which it is next to impossible to establish without receiving their account of what has taken place," as the one here under consideration. 1 Best on Ev. (Morgan's Ed.) § 151. This is especially true in view of the frequency of rapes upon very young

children, to which writers on medical jurisprudence have often taken occasion to call attention; which has been accounted for, not alone by the comparatively less danger of exposure and conviction attributable to the mental and moral deficiency of such children as witnesses, but "by the comparative ease with which a child's resistance may be overcome, and by its entire ignorance of the nature and consequence of the sexual act."—3 Whart. & Stille's Med. Jur. § 217. These facts are eminently proper to be considered by courts in the formulation of a correct rule of evidence on this subject. This court has accordingly followed, in substance, the rule laid down in *Brasier's Case* (1 Leach, C. L. 199; 1 East, P. C. 443), where it was held that there was "no precise or fixed rule as to the time within which infants are excluded from giving evidence, but their admissibility depends upon the *sense and reason they entertain of the danger and impiety of falsehood*, which is to be collected from their answers to questions propounded to them by the court."—*Kelly v. The State*, 75 Ala. 21; *Morea's Case*, 2 Ala. 275; *Wade's Case*, 50 Ala. 164; *Carter's Case*, 63 Ala. 52; 35 Amer. Rep. 4; *Beason's Case*, 72 Ala. 191; Rapelje's Crim. Prac. § 298. If the promise to tell the truth, in other words, is made under an immediate sense of the witness' responsibility to God, and with a conscientious sense of the wickedness and danger of falsehood, this would seem to be all that is requisite for the accomplishment of justice.—1 Greenl. Ev. (14th Ed.) §§ 328, 368.

The examination of the witness by the circuit judge disclosed on her part a very intelligent comprehension of the belief that falsehood was not only morally wrong, but would be severely punished in the future. She was clearly competent to testify, showing, as she did, neither intellectual nor moral deficiency which would disqualify her, and there was no error in receiving her testimony.

6. We do not doubt the correctness of the court's ruling in refusing to compel the infant to submit to an examination of her person by medical experts, on motion of the defendant made at the trial. Such a practice has never prevailed in this State, and if adopted as matter of right in all cases of prosecution for rape, the temptation to its abuse would be so great that it might be perverted into an engine of oppression to deter many modest and virtuous females from testifying in open court against the perpetration of one of the most barbarous and detestable of all crimes. We have repeatedly

held that a conviction for rape may be sustained on the uncorroborated testimony of a prosecutrix, which excludes the idea of any necessity for corroboration by an examination of her person, either by medical experts or others. In *Barnett v. State*, 83 Ala. 40, we accordingly held there was no error in the trial court's refusal to advise the jury not to convict, unless the testimony was corroborated by an examination of her person by medical or other experts, and that her refusal to submit to such examination would subject her evidence to discredit. "However forcible," we observed, "such a suggestion may be, under some circumstances, as an argument to a jury, the law does not require it."

It is true that, in divorce cases, the courts of this country, and of England, as also of Scotland and France, have exerted their jurisdiction to compel *the parties* to suits to submit to a surgical examination, or inspection of the person, in order to ascertain the fact of incurable impotence, when made the ground upon which the dissolution of the bonds of marriage is sought. This is limited to the necessity of the particular case, and is permitted only to prevent the miscarriage of justice.—2 Bishop on Mar. & Divorce (6th Ed.), §§ 590, 599; *Anonymous*, 35 Ala. 226; *Devanbagh v. Devanbagh*, 5 Paige's Ch. 554; 28 Amer. Dec. 443, and note p. 450. So, in a recent case, cited by appellant's counsel, in an action of damages for permanent injury to the plaintiff's eyes, no medical expert having testified, it was held error in the trial court to refuse to make an order, on defendant's request, to compel the plaintiff to submit to an examination by a medical expert who had been called as a witness, and was then present in court ready to testify.—*Atchison &c. Railroad Co. v. Thul*, 29 Kans. 466; 44 Amer. Rep. 659. There are many similar decisions, made in modern civil actions for physical injuries, where the courts, in proper cases, have compelled the plaintiff, or injured person, to submit his person to the inspection of experts, in order to ascertain the nature and extent of such injuries.—1 Thomp. on Trials, § 859; *Schroeder v. C. R. I. & R. Railroad Co.*, 47 Iowa, 379; *Sibley v. Smith*, 46 Ark. 275; *White v. Milwaukee City Railway Co.*, 61 Wis. 536; *Hatfield v. St. Paul R. R. Co.*, 33 Minn. 130; *Richmond & Danville R. R. Co. v. Childress*, 9 S. E. Rep. 603; Rogers on Expert Test., § 75.

The authority and soundness of these cases need not be challenged, although some courts in this country have declined to follow them. They are cases where the court had

jurisdiction of the parties to a litigated case pending before it, who were invoking the assistance of its arm in aid of their civil rights. In this case, the witness is no party to any civil suit, but has been summoned at the instance of the State, to testify in a criminal prosecution against an alleged violator of the law. It may be well doubted, in cases of rape, and cognate offenses, whether the court has the power to make an order compelling the inspection of the private person of a prosecutrix, in the event of her refusal to submit to such examination. If such right exists at all, we should hold it to be a matter of judicial discretion with the trial court, to be exercised only in cases of extreme necessity, and not a subject of review on appeal to this court. There being other corroboration of the local marks of violence in this case, made soon after the injuries, no such necessity is made to appear. The proposed examination by medical experts, moreover, not having been suggested until more than a month after the occurrence, could not be expected to afford any very useful results.—3 Whart. & Stille's Med. Jur. § 212. The refusal of the court to grant this motion was free from error.

7. The confessions of the defendant appear to have been made voluntarily, and they were allowed to go to the jury as evidence without objection. It was for the court to determine their admissibility, and this action could not have been reviewed by the jury, although it was within the exclusive province of the jury to determine the weight to which they were entitled as evidence. The charges requested by the defendant in effect denied to the jury any right to consider these confessions as competent evidence in forming their verdict. Their admissibility, as voluntary or involuntary, could not be raised in this way, and the court properly refused to give these charges.—*Long v. State*, 86 Ala. 36; *Nolen v. State*, 46 Amer. Rep. 255, note; *Redd v. State*, 69 Ala. 256.

We discover no error in the record, and the judgment is affirmed.