# Henderson *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Witness; when defendant waives the right to examine witness as to his competency.*—Where, upon the introduction of a boy as a witness he is examined on his *voir dire* by the solicitor, and the defendant does not, at that time, examine him, but subsequently, during the examination of said witness touching the facts of the case, the defendant objects to the examination of said witness but states no ground therefor, and later during the examination of the witness the defendant asks to be allowed to examine him touching his competency, it is not error for the court to overrule such objection and to refuse to comply with said request of the defendant; the defendant by his course having waived any right he may have had to further examine the boy as to his competency, or to object to his examination on the facts of the case.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, William Henderson, was indicted, tried and convicted for carrying a pistol concealed about his person. The facts relating to the only rulings of the trial court reviewed on the present appeal are sufficiently stated in the opinion.

HAMILTON & CRUMPTON, for appellant, cited *Carter v. State,* 63 Ala. 52; *Beason v. State,* 72 Ala. 191; *Green v. State,* 96 Ala. 32.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—There was no objection or exception to the ruling of the court that the boy, Jim McDonald, was a competent witness when that ruling was made. After the solicitor had proceeded for some moments with the examination counsel for defendant interrupted and said: "I object to the examination of that witness." Even then no ground of objection was stated,

[Henderson v. The State.]

nor was it suggested that the boy had not been sufficiently examined on his *voir dire.* The' court overruled this objection, and the solicitor proceeded to examine the witness further on the facts of the case. Finally his examination was again interrupted by defendant's counsel, who stated that he wanted to propound questions to the witness touching his competency. The court said: "You should have asked to examine the witness touching his competency before the solicitor began his examination touching the facts of the case, or at least before the examination had proceeded as far as it now has;" and declined to allow defendant's counsel to examine the witness on his *voir dire.* We are of opinion that the defendant by his course in respect of the matter waived any right he might have had to have the boy further examined touching his competency to testify, or to object to his examination on the facts of the case. The boy was examined on his *voir dire* by the solicitor. The defendant did not then ask to examine him further. Nor did the defendant then object to his competency, nor in any way except to the ruling of the court then made that he was competent. The boy was nearly nine years old. The bill of exceptions states that he "was a white boy of unusual intelligence and brightness, shown by his appearance, examination and manner." The court committed no error in overruling the objection to the further examination of the witness as and when it was made, nor in declining to allow defendant to further examine him as to his competency after his examination as to the facts of the case had been entered upon. We intimate no opinion as to whether the boy was shown, as an original proposition, to have sufficient knowledge of the nature and obligation of an oath.

The other questions raised by the record have not been discussed by appellant's counsel, and will not be by us, further than to say that we have examined them and that no error is involved in them.

Affirmed.