219 So.2d 890

**Joe SEGREST**

v.

**STATE.**

5 Div. 711.

Court of Appeals of Alabama.

Jan. 14, 1969.

Rehearing Denied Feb. 11, 1969.

Russell, Raymon & Russell, Tuskegee, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal is from two judgments of conviction on separate indictments of assault with intent to murder. The sentences were for five years and fourteen years, respectively, to be served in the penitentiary.

One of the victims was an eight year old boy. He was taken by the trial judge on voir dire:

"THE COURT: Your name is Larry Johnson?

"A   Yes, sir.

"Q   How old are you?

"A   Eight.

"Q   How many years have you been going to school?

"A   I don't know, I forgot.

"Q   What grade are you in?

"A   Third.

"Q   What is your recollection of how many years you have been going to school?

"A   About three.

"Q   Who is your teacher?

"A   Miss Calhoun.

"Q   Do you go to church?

"A   Yes, sir.

"THE COURT: This witness is qualified.

"(Whereupon, the witness, having been duly sworn, was examined and testified as follows on Direct Examination.)

**674**

:."Q". (By Mr. Young) Larry, you are going to have to talk out loud.

"MR. RAYMON: If it please the Court, we would like to have an exception to the ruling that the witness is qualified.

"THE COURT: It is the duty of the Court to see if the witness is qualified. You have an exception."

Code 1940, T. 7, § 440, requires as follows:

"§ 440. The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness, or infancy."

Had counsel sought to pursue the boy's testimonial qualification further, he should have so moved the court rather than merely taking an exception.[1] Had there been objection with a specified ground, a different situation would have been put to the court below.

Perhaps Henderson v. State, 135 Ala. 43, 33 So. 433, was a more extreme setting than that of instant concern. However, it well illustrates the doctrine of waiver of voir dire which here precludes our considering that there was any error in the trial judge's ruling. We quote:

"McCLELLAN, C. J. There was no objection or exception to the ruling of the court that the boy, Jim McDonald, was a competent witness when that ruling was made. After the solicitor had proceeded for some moments with the examination counsel for defendant interrupted, and said: 'I object to the examination of that witness.' Even then no ground of objection was stated, nor was it suggested that the boy had not been sufficiently examined on his voir dire. The court overruled this objection, and the solicitor proceeded to examine the witness further on the facts of the case. Finally his examination was again interrupted by defendant's counsel, who stated that he wanted to propound questions to the witness touching his competency. The court said: 'You should have asked to examine the witness touching his competency before the solicitor began his examination touching the facts of the case, or at least before the examination had proceeded as far as it now has;' and declined to allow defendant's counsel to examine the witness on his voir dire. We are of opinion that the defendant by his course in respect of the matter waived any right he might have had to have the boy further examined touching his competency to testify, or to object to his examination on the facts of the case. The boy was examined on his voir dire by the solicitor. The defendant did not then ask to examine him further. Nor did the defendant then object to his competency, nor in any way except to the ruling of the court then made that he was competent. * * *"

See also McElroy, Evidence (2d Ed.), § 94.01(5).

Finally, we must point out that the trial judge saw and heard the boy. Prima facie under § 440 and common law principles, his ruling stands unless there is strong evidence of an abuse of sound discretion. Also the boy's testimony was corroborated.

We have reviewed the whole record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.

1. Section 1 of Act No. 44, April 1, 1955 (see also Michie's 1958 Code, T. 7, § 818(1)), reads, in part: "Exceptions to rulings or any order or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and the grounds therefor."
*Nota bene*: This statute does not affect the requirement as to an exception to an oral charge.

### On Rehearing

Appellant seems to take our remark as to exceptions to rulings being needless under Act No. 44, April 1, 1955, supra, fn. 1, that we are emasculating the vitality of the act by requiring the use of the formulary phrase, "I object."

This was not our intent. Rather, we were merely pointing out that on the voir dire the court's ruling was prima facie correct. If this prima facie qualification did not please or persuade defense counsel, it is our view that counsel should have asked (moved, requested or perhaps suggested) that the court question the proffered witness further along lines of the Devil, Hell, the meaning of an oath or affirmation and the like. Or that counsel be permitted to propound such inquiries either through the court or directly to the boy.

Merely to ask for an exception is in this context an indication of intellectual dissent and not a prayer for further qualificatory investigation.

Application overruled.