291 So.2d 165

**Arthur KENDRICK, alias**

v.

**STATE.**

**6 Div. 643.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

———◆———

Charles H. Huey, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Sp. Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was tried in the Jefferson County Circuit Court for robbery and convicted by a jury which fixed his punishment at ten years imprisonment in the penitentiary. Appeal is from the judgment that was entered pursuant to the conviction.

A brief statement of facts will suffice for this opinion. The defendant, according to the state's evidence, entered the victim's home and, by threats to use a butcher knife in his possession, obtained $10.00 from the victim whose name is Jo Ann Wiley—a black person as was the defendant. The offense was committed in the presence of the victim's six year old son, Martice Wiley, who was seven years of age at the time of the trial.

The trial court examined the state's witness, Martice Wiley, on voir dire as to his mental maturity to understand the nature of the oath to tell the truth. Defendant objected to the witness' testifying because he lacked sufficient mental maturity to understand the binding power of the oath. The voir dire was outside the presence of the jury. The examination by the trial judge was quite extensive and thorough. Such examination is shown on ten pages of the transcript.

We have carefully read the transcript of this voir dire examination, and conclude therefrom that the trial court did not abuse its discretion in holding that the witness was qualified and of sufficient age and mental maturity to understand and appreciate the binding effect of the oath which was administered to him when he appeared as a witness in the trial of the case. We advert to a few of the many decisions in

the court applicable to the issue here presented.

Title 7, § 439, Recompiled Code 1958, reads as follows:

"Persons who have not the use of reason, as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are imcompetent witnesses."

Title 7, § 440, Recompiled Code 1958, reads as follows:

"The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness, or infancy."

We observed in Rodgers v. State, 42 Ala.App. 660, 177 So.2d 460:

"McElroy, Evidence (2d Ed.), § 94.-02(3), concludes that the trial judge's observation vis a vis of a child proposed as a witness confers in him a discretion necessarily his because the appellate court is without benefit of this opportunity."

We also observed in Hutcherson v State, 40 Ala.App. 77, 108 So.2d 177, cert. den. 268 Ala. 696, 108 So.2d 180, that the trial judge decides a witness' competency and that a presumption of competency attends a witness.

Applicable to the instant case is our pronouncement in Segrest v. State, 44 Ala. App. 673, 219 So.2d 890, cert. den. 283 Ala. 718, 219 So.2d 893, as follows:

"Finally, we must point out that the trial judge saw and heard the boy. Prima facie under § 440 and common law principles, his ruling stands unless there is strong evidence of an abuse of sound discretion. * * *"

Appellant does not assert any other ruling of the court as error to reverse. We find none of these rulings to be erroneous.

The judgment is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.