331 So.2d 411

**James B. PENNINGTON, alias**

v.

**STATE.**

**6 Div. 12.**

Court of Criminal Appeals of Alabama.

April 20, 1976.

———◆———

Joel L. Sogol, Asst. Public Defender, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of Indecent Molestation of a female child ten years of age and the jury assessed a fine against him in the amount of $5,000.00, and the trial judge sentenced him to five years imprisonment in the penitentiary. At arraignment and trial appellant was represented by the Public Defender's Office of Tuscaloosa County and he is represented by these lawyers on this appeal.

The law under which he was convicted is Title 14, Section 326(2), Code of Alabama 1940 (Supplement) and provides as follows:

"It shall be unlawful for any person to take or attempt to take any immoral, improper, or indecent liberties with any child of either sex under the age of sixteen years, with intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or to commit, or attempt to commit any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with an intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child. Provided, this section shall not apply to the enumerated acts where the purpose of the person committing such act or acts is to render medical or surgical treatment, or when the persons are married legally one to another.

"Any person violating this section shall be guilty of a felony and shall upon his first conviction be punished by confinement in the penitentiary for a period not to exceed five years, or by a fine not to exceed five thousand dollars, or by both fine and imprisonment; any person who shall be convicted for the second viola-

tion of this section shall be guilty of a felony and shall be punished by confinement in the penitentiary for not less than two nor more than ten years; and any person who shall be convicted for the second violation of this section shall not be eligible for probation."

This is a sad and tragic case and demonstrates a marked degree of human depravity. We will not dwell to any great degree on the sordid and revolting details leading up to appellant's conviction. For background information the record reveals that appellant met a woman in Texas who had four children, two girls and two boys, ranging in ages from two to twelve years. He presumably married her in Texas and shortly thereafter they moved to the children's grandmother's home in Florida. They stayed in Florida a short time and moved to Northport in Tuscaloosa County, Alabama. They moved in an apartment complex where the alleged offense was committed. The mother was working that night, the two girls testified for the State.

According to their testimony the apartment was bare of any type of furniture. They rode with appellant to visit an aunt somewhere near Tuscaloosa and on the way back to the apartment appellant was drinking and he made an improper suggestion to the oldest girl and she told him no. He then made the same suggestion to the ten year old girl and she, too, said no. When they arrived at the apartment, appellant told the twelve year old girl to take the two boys to one of the bedrooms and close the door. He told the ten year old girl to stay in the living room with him, and she stated that appellant told her to pull her pants down and he performed an act of cunnilingus on her. Over her protest he made her perform fellatio on him.

The victim further testified that while they were living in Florida, appellant (who was nude) took a picture of her, her mother, and her sister who were in bed together and who were also nude. She then stated that she took a photograph of her mother,

appellant, and her sister while they were nude in the same bed. These photographs were offered in evidence by the State, but appellant's objections to them were sustained. Later in the trial the prosecution again offered these photographs in evidence and they were admitted over appellant's objections. There were no specific grounds of objections to the admission of these photographs.

The victim's mother had a warrant issued for the arrest of appellant. When he was arrested, it was learned that he had both of the photographs in his possession. A hearing was had in the Juvenile Court and these photographs played a prominent part in the decision of the judge to take the care, custody, and control of these four infants from the mother and place them in a foster home where they were living at the time of appellant's trial. Their mother was not present at the trial and no one knew where she was then living.

Appellant did not testify and there was no evidence offered in his behalf.

Appellant contends that he is entitled to a reversal on two grounds: (1) that the victim was incompetent to testify and (2) the Court erred in admitting the nude photographs in evidence.

In *Kendrick v. State*, 52 Ala.App. 230, 291 So.2d 165, this Court held that the trial court did not abuse his discretion in holding that a seven year old witness was qualified and of sufficient age and mental maturity to appreciate the binding effect of the oath administered to him when he appeared as a witness.

There was an extensive voir dire of the victim to determine her competency as a witness. She testified that the day before she testified she had a birthday and she was eleven years old and was in the fourth grade. She stated that she went to Sunday School regularly and was taught the difference between the truth and a lie. That she knew it was right to tell the truth and that it was wrong to tell a lie. She said if

she told a lie that she would not be telling the truth. She further stated that if she did not tell the truth, she would get into more and more trouble, and that if she told a lie, she would not be telling the true facts.

The trial court ruled that she was competent to testify and we agree with that ruling. *Rodgers v. State,* 42 Ala.App. 660, 177 So.2d 460; *Hutcherson v. State,* 40 Ala.App. 77, 108 So.2d 177; *Segrest v. State,* 44 Ala.App. 673, 219 So.2d 890.

■ We fail to see the probative value of the two nude photographs introduced in evidence over appellant's objections. They certainly do not depict the commission of a crime. They may be relevant to show appellant's familiarity with his two stepdaughters but at the same time we do not see that these photographs were prejudicial to his cause. In this crazy quilt society in which we live, nude photographs are no longer shocking and have almost become commonplace.

If these photographs were inadmissible they were rendered innocuous by the statements of the trial judge.

From the record:

"MR. ANDRES: It boils down to this: these children posed for those photographs at his request—this Defendant's request—in Florida; that en route back from the country to Deerfield Apartments—

"MR. BURROUGHS: Your Honor, I hate to interrupt Mr. Andres, but that— What happened in Florida is not evidence in this case.

"THE COURT: It is not evidence, you are right.

"MR. BURROUGHS: It is what happened here.

"THE COURT: That's right.

"MR. BURROUGHS: He keeps dwelling on that.

"THE COURT: Well, I am going to charge them on that.

"MR. ANDRES: I withdraw that earlier statement, then, Judge."

The Court gave the following written charge requested by appellant:

"Defendant's Charge No. 1"

"I charge you members of the jury that you cannot punish James B. Pennington for any act or acts that were committed in Florida, specifically for any photographs that were taken in Florida."

We find no reversible error in the record and the judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.