Thurman Lanton was indicted and convicted for rape in the first degree in violation of Alabama Code (1975), § 13A-6-61. Sentence was fifteen years' imprisonment. Two issues are raised on appeal.
 I
The trial judge did not err in denying the defendant's motion for a physical examination of the thirteen-year-old victim. "It may well be doubted, in cases of rape and cognate offenses, whether the court has the power to make an order compelling the inspection of the private person of a prosecutrix in the event of her refusal to submit to such examination. If such right exists at all, we should hold it to be a matter of judicial discretion with the trial court, to be *Page 874 
exercised only in cases of extreme necessity, and not a subject of review on appeal to this court." McGuff v. State, 88 Ala. 147,7 So. 35, 38 (1889). See generally 18 A.L.R.3d 1433 (1968) involving a psychiatric examination. "Although there is some authority to the contrary, it has been held that a court has inherent power, on motion of accused, to order a physician to make a physical examination of prosecutrix. It has also been held that the granting or refusal of an order for a physical examination of the prosecutrix is a matter within the discretion of the trial court, which will not be reversed except for a manifest abuse of such discretion." 75 C.J.S.Criminal Law § 80 (1952).
Here, the child had been examined by a physician not a gynecologist. This physician testified as a defense witness that she could not determine whether or not the prosecutrix had engaged in sexual intercourse because the victim was too tense. The defendant alleged in his motion that he "has reason to believe an examination by a competent gynecologist would reveal that said . . . [prosecutrix] has not engaged in sex." We do not consider this to constitute a showing of manifest or clear abuse of trial judge's discretion.
 II
Although penetration is an essential element of the crime of first degree rape, an injury to the private parts of the victim is not. Evidence of injury may be used to prove penetration but it is neither essential nor necessary. Injury to the victim's private parts is merely a factor that should be considered in determining the existence or nonexistence of penetration. Annot., 76 A.L.R.3d 163, § 7 et seq. (1977).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.