Appellant, Malcolm Richard Moore, was convicted of murder on June 20, 1984, and was sentenced to the penitentiary for life. There are two issues on appeal.
 I
Appellant contends that his confession should not have been received in evidence because his waiver of Miranda rights was not a knowing, intelligent or voluntary waiver, considering his level of intoxication at the time he waived his rights.
The record reflects that on September 18, 1983, the appellant had been drinking quite heavily. Richard Julian testified that the appellant had a severe drinking problem and was "dog-drunk" on the 18th.
The appellant became involved in a heated argument at Julian's home, and appellant's daughter separated him from another person. At this time, appellant and another man drove away in a car, and Mr. Julian called the police.
When the police arrived, Julian made a complaint about the disturbance. While the police were registering the complaint, they received another call that there had been a shooting on Washington Street and they immediately left.
Approximately five or ten minutes after the police left, appellant Moore returned to Julian's home in a red Chevrolet Vega automobile. At this time, the appellant took a shotgun, some shotgun shells, and a bottle of wine out of the car. Moore threw the shotgun in some bushes, and said he wanted to wipe his car of fingerprints. He also stated that he had just killed R.O.
In the meantime, the police had found R.O. Middleton dead, lying face down at the screen door of his house with a gunshot wound to the head. The police then returned to Mr. Julian's house and took custody of the appellant. About four hours later, at the police station, Moore made a statement confessing to shooting Middleton. The admissibility of this statement is here challenged.
The test to determine the admissibility of a confession is a two-part inquiry: first, the court must consider whether the government complied with the Miranda requirements, and, second, the court must then rule on the issue of the confession's voluntariness. United States v. Sims, 719 F.2d 375 (11th Cir. 1983). Further, "[i]n order for intoxication to render a confession inadmissible, it must amount to a `mania' which impairs the will and mind to the extent that the person's confession is unconscious of the meaning of his words. A lesser state of intoxication, however, will not render a confession inadmissible." Hendrick v. State, [Ms. 1984] 444 So.2d 905
(Ala.Crim.App. 1984).
In the present case there was conflicting testimony regarding the extent of appellant's intoxication at the time he made his statement. Richard Julian testified that the appellant had been drinking heavily before the shooting and was drunk. Angela Julian, Moore's daughter, made a statement that the appellant was still drunk the following day when she visited him in the jail.
On the other hand, Detective Owings stated he was present when Detective Lewellen took a written statement from appellant about four hours after the shooting. Owings stated that appellant's speech was normal, and that he did not smell alcohol on the appellant. Owings additionally stated that appellant walked normally and in no way appeared intoxicated.
In Palmer v. State, 401 So.2d 266 (Ala.Crim.App. 1981), this court held that "where ample evidence, even though conflicting, exists from which the trial judge *Page 1310 
could conclude that the appellant was not intoxicated to the extent of mania, the admission of a confession for a jury's consideration is not an abuse of discretion." There was sufficient evidence from which the trial judge could conclude that the confession was voluntary, and the decision of the trial judge was not contrary to the great weight of evidence; therefore, it should not be disturbed on appeal.
 II
Appellant next contends that the testimony of a mentally ill person, one Grady Roberts, was improperly permitted by the trial court to be considered by the jury. In particular, appellant feels that since Grady Roberts was under commitment to Bryce Hospital, and had been adjudicated mentally ill, he was incompetent to testify and his testimony should have been excluded. The State contends, however, that there was no evidence presented to show that Mr. Roberts did not have the capacity to observe the matter about which he testified, and, therefore, the testimony of Roberts was admissible.
It is settled law that a person's confinement to a mental hospital by reason of a mental disorder does not necessarily disqualify him to be a witness. Smith v. State, 380 So.2d 345
(Ala.Crim.App. 1980). Further, a presumption of competency attends a witness, and a trial judge's ruling on this question stands on appeal unless there is strong evidence of an abuse of discretion. Smith, supra; Segrest v. State, 44 Ala. App. 673,219 So.2d 890 (1909). In the case at bar, appellant introduced Mr. Grady's commitment order from the probate court, but did not prove that he lacked the capacity to observe the matter to be testified about, that he lacked capacity to narrate such matter, or that he did not understand his moral duty to speak the truth as required in Smith, supra. Hence, there was no abuse of discretion by the trial court in allowing Roberts to testify.
AFFIRMED.
All the Judges concur.